# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1880, IN THE SIXTY-FIFTH YEAR OF THE STATE.

———◆●◆———

No. 6111.

HAMILTON ET AL. *v.* THE CITY OF FORT WAYNE.

CIRCUIT COURT.—*Appeal.*—*Jurisdiction.*—The circuit courts of this State are courts of general jurisdiction, and, where appeals from inferior tribunals are authorized, such courts take cognizance of such appeals, under their general appellate jurisdiction.

SAME.—*Cities.*—*Common Council.*—Under section 66 of the act for the incorporation of cities, 1 R. S. 1876, p. 302, an appeal will lie to the circuit court from the common council of a city, on the assessment of damages in the location of streets.

From the Allen Circuit Court.

*W. H. Coombs, J. Morris* and *R. C. Bell,* for appellants.
*A. Zollars,* for appellee.

NIBLACK, C. J.—In the year 1873 the common council of the city of Fort Wayne passed an ordinance "to open and

extend Clinton street, from the south line of Lewis street, parallel with Calhoun street, to the north line of Holman street." This ordinance extended Clinton street over lands belonging to the appellants, Andrew H. Hamilton, Emerine J. Hamilton, Montgomery Hamilton, Mary Williams, Margaret H. Hamilton and Ellen Hamilton, and commissioners were directed to assess the damages and benefits which would result to the owners of lands over which the extended portion of such street would pass.

The commissioners, amongst other things, reported that no damages would result to a portion of the lands of the appellants, and the appellants, within thirty days, appealed to the circuit court of the county, where, on motion of the appellee, the appeal was dismissed upon the ground that such an appeal was not authorized by law.

Section 66 of the act concerning the incorporation of cities, 1 R. S. 1876, p. 302, referring to reports made by commissioners in cases like this, provides that "any owner of land, or representative thereof, aggrieved by such report, may appeal therefrom at any time within thirty days after the filing thereof, to any court having jurisdiction of the same, upon filing the usual bond with the city clerk for costs."

The question presented to us is, did this section of the statute authorize the appeal in this case from the common council to the circuit court?

We think it did. The circuit courts of this State are courts of general jurisdiction, and, in addition to their original jurisdiction, they have "such appellate jurisdiction as is or may be provided by law." When appeals from inferior tribunals are authorized, and no express direction is otherwise given, the circuit courts necessarily take cognizance of such appeals, under their general appellate jurisdiction.

Section 66, *supra*, gives an appeal "to any court having jurisdiction" of such appeals, and, for the reasons given, the circuit courts have jurisdiction of the class of appeals to

which that section refers. Any other construction would destroy the value of the appeal reserved by that section.

The judgment is reversed, with costs, and the cause remanded for further proceedings.