Filed Sept. 23, 1886.

---

No. 12,686.

## THE BLOOMFIELD RAILROAD COMPANY *v.* VAN SLIKE.

PLEADING.—*Complaint.*—*Sufficiency of.*—A complaint, showing a cause of action, will repel a demurrer although it may not entitle the plaintiff to all the relief prayed.

SAME.—*Judgment Resting on Good Paragraphs.*—Where the record on appeal affirmatively shows that the judgment rests on two good paragraphs of complaint, it is immaterial whether a third is, or is not, sufficient.

PRACTICE.—*Agreement as to Question Presented.*—*Appeal.*—Where parties, by an agreement entered of record, definitely submit a single question to the trial court, they can not on appeal present any other.

RAILROAD.—*Appropriation of Land.*—*Receiver.*—*Right of Action.*—Where the receiver of an insolvent railroad corporation unlawfully appropriates land to the use of the corporation, and, after the discharge of the receiver, the corporation resumes control of the railroad, and retains possession of and uses the land, the owner can maintain an action to recover and for damages.

SAME.—*Notice by Receiver to File Claims no Bar.*—Such a right of action can not be barred by the notice of the receiver, requiring creditors to present their claims against the corporation.

From the Greene Circuit Court.

*J. T. Hays, H. J. Hays* and *P. H. Blue,* for appellant.

*A. G. Cavins, E. H. C. Cavins* and *W. L. Cavins,* for appellee.

ELLIOTT, J.—The appellee's complaint is in three paragraphs; the first and second seek to recover for injuries to real estate by the construction of a railroad, and the third seeks to recover possession of the real estate.

The first and second paragraphs are undoubtedly good, for they show a wrongful entry upon the plaintiff's land. Such an entry is a trespass, and every trespass is actionable. If a complaint shows a cause of action, it will repel a demurrer, although it may not entitle the plaintiff to all the relief prayed.

We think the third paragraph is sufficient, but if we were wrong in this, we could not reverse the judgment: 1st. Because the agreement in the record shows that the single question the court was required to pass upon was the sufficiency of the answer. 2d. Because the record affirmatively shows that the judgment rests on the first and second paragraphs of the complaint.

Where parties, by an agreement entered of record, definitely submit a single question to the trial court, they can not, on appeal, present any other. So, too, where the record affirmatively shows that the judgment rests on two paragraphs of the complaint, it is not important whether the third was or was not sufficient.

The answers allege that the entry on the plaintiff's land was made by a receiver appointed to take charge of the affairs of the appellant as an insolvent corporation.

The appellant's counsel ingeniously argue that the case is within the rule that a corporation is not liable for the acts of an independent contractor, and that the receiver is to be regarded as such a contractor. In support of this position we are referred to the cases of *Ryan* v. *Curran*, 64 Ind. 345 (31 Am. R. 123); *Sessengut* v. *Posey*, 67 Ind. 408 (33 Am. R. 98). We can not adopt the views of counsel, for, in our opinion, the rule referred to has no application whatever to such a case as the present. There is here no question of

principal and agent, but the question is, had the appellant a right to enter on the land of the appellee, or to retain possession of it? If the appellee owned the land, then the appellant was guilty of an actionable wrong in interfering with his possession, unless its entry was under some person having a right to take possession. If the receiver had no such right, he could not transfer any right of possession, so that even if we were to regard the appellant as a grantee of its receiver, it could have no right to appellee's land unless the receiver had such a right as he could transfer. We do not, however, think that a receiver can be regarded as the grantor of the corporation, for he is merely an officer of the court placed in charge of the corporate affairs until its debts are paid. He is not the owner of the land in his own right, for he can only be the possessor of such rights in another's land as the corporation itself had.

Where the land of a citizen is wrongfully appropriated to the use of a railroad corporation, he does not lose his rights by a failure to make a claim to the receiver for compensation. If the property of the citizen is wrongfully seized and used, he may recover for the injuries sustained, in a case like this, where the receiver has been discharged and the corporate affairs turned back into the hands of the corporation. The right of the land-owner to recover possession of his land is not a claim or debt, but it is a right of action to recover land wrongfully taken from him. Such a right can not be barred by the notice of a receiver, requiring creditors to present their claims against an insolvent corporation.

It is undoubtedly true, as a general rule, that the receiver holds possession as an officer of the court, but this rule does not prohibit an owner of real estate from suing a receiver who enters upon his property without any claim of right. *Ohio, etc., R. W. Co.* v. *Nickless*, 71 Ind. 271; *Fort Wayne, etc., R. R. Co.* v. *Mellett*, 92 Ind. 535. Here, however, the action is not against the receiver, but against the corporation which persists in retaining possession of the appellee's land

without right. The claim is not that the appellee is violating the rights of a court having custody of the corporate property, but that the corporation, having been taken from the hands of the receiver, wrongfully encroaches upon the rights of the appellee by keeping him out of the free use and uninterrupted possession of his land.

The corporation was not dissolved by the appointment of a receiver. It still remained in existence, and when the receiver was discharged it became the wrong-doer in retaining possession of the appellee's land. As it wrongfully deprived the appellee of his property, it must account to him for the loss it has occasioned him. *Lake Erie, etc., R. W. Co.* v. *Griffin*, 92 Ind. 487.

Judgment affirmed.

Filed Sept. 22, 1886.