Filed Oct. 15, 1887.

No. 12,785.

## THE BLOOMFIELD RAILROAD COMPANY *v.* GRACE.

RAILROAD.— *Wrongful Appropriation of Land.—Agreement of Parties.—Damages.—Complaint.—Practice.*—In an action against a railroad company for the wrongful appropriation of land, an agreement by the parties thereto, made in open court, fixing the amount of damages which the plaintiff is entitled to recover, if he has a cause of action, will be enforced; and in such case, if some part of the cause of action averred is good and unanswered, the plaintiff is entitled to recover the stipulated damages.

SAME.— *Pleading.—Defence.—Adoption by Railroad Company of Acts of Contractor or Receiver.*—Where, in such a proceeding, the complaint shows a wrongful appropriation of the plaintiff's land, an answer that the appropriation was made by a contractor of the railroad company, or by the receiver of such contractor, is bad on demurrer. If the railroad company adopts the acts of its contractor and the receiver, in appropriating the land, it must pay a just compensation.

The Bloomfield Railroad Company v. Grace.

SAME.—*Defence.*—*Answer.*—*Former Adjudication.*—In such an action, an answer which attempts to set up the defence of former adjudication, by averments that in a former suit against an insolvent construction company, concerning funds in the hands of the officers of the court, or which might come into their hands, upon which parties other than the plaintiff had claims, the plaintiff might have litigated his claim, but which does not show that he had notice of the pendency of such proceeding, or was a party thereto, is insufficient.

From the Greene Circuit Court.

J. T. Hays, H. J. Hays and J. S. Cooper, for appellant.
E. E. Rose and E. Short, for appellee.

ELLIOTT, J.—The parties by an agreement in open court fixed the amount of damages which the plaintiff was entitled to recover at four hundred dollars, and agreed that in the event that he should recover, and that sum was paid him, he should convey the land in controversy to the defendant, here the appellant. It was further stipulated that the agreement should "not prejudice the defendant's exceptions to the ruling on the demurrer to the answer." This agreement unquestionably submitted to the trial court but the one question, that of the appellee's right to recover damages, and reserved to the appellant only the questions presented by the demurrer to the answer. Where parties solemnly make such an agreement in open court it will be enforced. *Bloomfield R. R. Co.* v. *Van Slike,* 107 Ind. 480.

The only questions, therefore, which are presented to us are such as arise on the demurrer to the answer. It is, of course, essential to ascertain the cause of action stated in the complaint in order to pass upon the sufficiency of the answer, but this examination can properly go no further than to ascertain that the complaint states facts entitling the plaintiff to some damages. That it does do this is quite clear, for it shows a wrongful entry on the plaintiff's land and a negligent construction of a railroad over it. *Bloomfield R. R. Co.* v. *Van Slike, supra.*

The complaint shows a wrongful appropriation of the plaintiff's land, and it was no answer to this claim to aver that the appropriation was made by a contractor of the appellant or by the receiver of such contractor. If the appellant adopted the acts of its contractor and the receiver in appropriating the land it must pay a just compensation. In the case of *Lake Erie, etc., R. W. Co.* v. *Griffin,* 92 Ind. 487, it was held that a new company which succeeds to the rights of an old one must pay for the land appropriated by its predecessor. It was there said : " In such case, the appellant's liability does not rest upon the judgment against the old corporation, but upon the principle that, having adopted and ratified the original appropriation, it is bound in equity and good conscience to make compensation." This doctrine was reaffirmed in *Lake Erie, etc., R. W. Co.* v. *Griffin,* 107 Ind. 464, and in *Bloomfield R. R. Co.* v. *Van Slike, supra.* This doctrine is strictly equitable, and it is the only one logically defensible, for, if the contractor acquired no rights as against the land-owner, neither did the receiver nor one claiming through him.

The act of a contractor in appropriating real estate and devoting it to the purpose of constructing a railroad can not be considered the act of an independent contractor, for the corporation alone has the power to appropriate the private property to its use. In attempting to appropriate the land the contractor can not be considered as simply engaged in the work of constructing the road; he really acts for and as the corporation. *Bloomfield R. R. Co.* v. *Van Slike, supra.* Doubtless, the corporation would not be bound if he transcended his authority, unless it adopted or ratified his act; but where, as here, it does adopt his act, by receiving and enjoying its fruits, it is undoubtedly bound.

The answer can not, therefore, be sustained on the ground that the appropriation and entry were the acts of an independent contractor; nor can it be sustained on the ground

that the appropriation was made by a predecessor of the appellant.

So far as the answers attempt to set up a defence of former adjudication they fail, because, among other reasons, they do not show that the claim of the land-owner was embraced in the suit in which the notice to appear and present claims was issued. That suit was against an insolvent construction company, and concerned funds in the hands of the officers of the court, or which might come into their hands; for the order, among other things, declares that " It is further ordered, adjudged and decreed that all parties in interest having claims against any fund or funds involved in this case and subject to the order and distribution of this court, or which shall hereafter become subject to the order and distribution of the court pending this litigation," shall present them. This leads to the inference that the litigation concerned only a, fund or funds upon which parties had claims, and there is nothing in the answers which shows that the plaintiff had any claim on any fund. At all events, it does not appear that the right of the appellee to recover for injury to his land could have been litigated. He was not a party to the litigation, for he made no claim upon any specific fund, and no process was served upon him. He could not, therefore, be bound by the judgment. The only notice given was a general one for all who had claims to present them—there were no writs issued—and this notice was, of course, no broader than the order on which it was founded; and as that order was addressed to claimants of an interest in a fund which was, or would be, in the hands of the court for distribution, it did not embrace a land-owner who had a general right of action for an invasion of his rights of property. *Bloomfield R. R. Co.* v. *Van Slike, supra.*

Under the allegations of the answers the receiver, while nominally that of the construction company, became, in a restricted sense, the representative of the appellant, and for

many purposes may be in strictness regarded as its repre-
sentative.

The construction company had no authority to maintain
and own a railroad; that right and power resided in the ap-
pellant. It alone could exercise the franchises of a railroad
corporation, and it could not delegate the right to exercise
the power of eminent domain to any other corporation, nor
could it contract with another corporation that it should,
seize land without due process of law for railroad purposes.
The claim of the appellee was in no sense against the construc-
tion company, but was against the corporation for whose use
his land was taken and to which it was devoted. It could
not, therefore, have been deemed a claim against the receiver,
and was not involved in any decree pronounced in the mat-
ter of the receivership. It was and is a claim against the
corporation for whose benefit the land was seized and for
whose use it was retained.

There is no estoppel *in pais* where the land-owner makes
no grants, executes no license and makes no representations.
The fact that he knows that his land has been seized does
not of itself estop him, for his silence is neither fraudulent
nor culpable. He is chargeable with no wrong and there
can be no equitable estoppel. There is neither false state-
ment nor fraudulent concealment, nor is there deceit in any
form. In such a case the land-owner is not estopped to as-
sert his right to damages, although it is possible that long
acquiescence might preclude him from recovering possession
of the land itself.

It may be that as to some part of the cause of action
stated in the complaint the fact that the wrongful acts were
done by an independent contractor would bar a recovery,
but the answer is not confined to any particular part of the
complaint, and, as it fails to answer the whole complaint, it
was properly held bad. The agreement fixes the measure
of recovery, and nothing remained for the court to do but
decide that some part of the cause of action was good and

unanswered, for, when this was ascertained, its only remaining duty was to adjudge the answers bad and award the stipulated damages. We are not, therefore, required, nor, indeed, authorized, to inquire whether the damages were excessive. Nor are we required to decide whether the complaint entitled the plaintiff to all the relief demanded, since it is well settled that if the complaint entitles the plaintiff to some relief it must be sustained. *Bayless* v. *Glenn*, 72 Ind 5.

Judgment affirmed.

Filed Oct. 19, 1887.