The Indiana, Bloomington and Western Railway Company v. Allen.

No. 13,097.

### THE INDIANA, BLOOMINGTON AND WESTERN RAILWAY COMPANY v. ALLEN.

JUDGMENT.—*Error in.*—*Collateral Attack.*—A judgment can not be collaterally impeached by a party on the ground merely that it is erroneous.

SAME.—*Quieting Title.*—*Effect of Decree.*—*Res Judicata.*—A decree in an action to quiet title effectually adjudicates all claims to an interest in the land, whatever their form or character, existing at the time the decree is rendered and not protected by it.

RAILROAD.—*Easement.*—*Quieting Title.*—*Res Judicata.*—In an action against a railroad company to quiet title to land used as a right of way, an easement claimed by the defendant will be cut off by a decree in the plaintiff's favor, unless it be set up and be protected by the decree.

SAME.—*Appropriation of Land.*—*Damages.*—*Evidence.*—All damages, prospective as well as otherwise, arising from the appropriation of land by a railroad company, must be recovered in one action, and it is proper to prove all injuries that may naturally and proximately result from the construction and operation of the road.

SAME.—*Liability of Company Succeeding to Possession of Land Wrongfully Taken.*—A railroad company which, as the successor of a trespasser, comes into possession of land in violation of the rights of the owner, is liable to the latter for all damages that may be inflicted.

From the Fountain Circuit Court.

*C. W. Fairbanks, L. Nebeker, H. H. Dochterman* and *O. Gresham,* for appellant.

*T. F. Davidson,* for appellee.

ELLIOTT, J.—The complaint of the appellee seeks to recover damages from the appellant for entering upon land and using it as a track for its railroad. The facts stated in the third paragraph of the appellant's answer are, in substance, these: In 1870, the Indianapolis, Crawfordsville and Danville Railroad Company took and appropriated the strip of land in dispute and constructed a railroad thereon. The entry and appropriation were by the license of Maria Brittingham, who was then the owner of the land, and is the appellee's grantor. The appellant succeeded to all the rights of

the Indianapolis, Crawfordsville and Danville Railroad Company, and also entered upon the land as its successor by the license of Maria Brittingham. The appellee, on acquiring title, at once instituted proceedings for the assessment of damages, and damages were assessed in his favor. After the appellant entered it expended a large sum of money in replacing iron rails with steel rails.

The second paragraph of the reply is addressed to the third paragraph of the answer, and contains these material allegations: That, at the May term, 1883, in an action then pending in the Fountain Circuit Court, the appellee, as the real plaintiff in interest, obtained a judgment against the appellant upon the identical matters in issue, finally adjudicating title to be in the appellee and quieting it in him; that in that action and under the issues there formed all the matters were litigated, and finally determined against the appellant, the defendant to that action. The third paragraph is essentially the same as the second.

We must determine the sufficiency of these replies upon the facts averred in them and confessed by the demurrer. We can not yield to the appellant's assertion that it was not possible to adjudicate the question of license in the action referred to in the replies. The replies aver, directly and explicitly, that it was finally adjudicated, and this the demurrer admits to be true. We can not, of course, affirm that the question was not litigated, or could not be litigated, in that action, in the face of the positive averment that it was litigated and finally determined. We must accept as true the statements of the pleader. They are, indeed, confessed by the demurrer. If we were to concede that it was error to litigate and determine that question it would do the appellant no good, for, even if there was error, the judgment can not be collaterally impeached. This principle is so well established that it is not necessary to cite many authorities, and we content ourselves with referring to one very late case upon the question. *Walker* v. *Hill*, 111 Ind. 223.

The appellant's counsel, however, are in error in assuming that the question of the right or interest of their client could not have been litigated in the action to quiet title, for it could have been there litigated and determined. *Indiana, etc., R. W. Co.* v. *Allen, post*, p. 581.

The right claimed by the appellant is in the nature of an easement, and this right it was challenged to present and litigate in the former action. If it had a valid interest of that nature in the land, it could unquestionably have established it and secured a decree protecting it. In *Davidson* v. *Nicholson*, 59 Ind. 411, it was held that an action would lie to quiet title to an easement, and from the case of *Morgan* v. *Moore*, 3 Gray, 319, this court quoted with approval the language used by that court with reference to the owner of a servient and the owner of a dominant estate : " Each can maintain an action to vindicate and establish his right; the former to protect and enforce his seizin in fee ; the latter to prevent a disturbance of his easement." It is obvious that it would defeat the purpose of the statute and much abridge its usefulness if it were held that, notwithstanding a decree quieting title in the plaintiff, a defendant might subsequently assert that he owned an interest in the nature of an easement. We collected many authorities in the *Indiana, etc., R. W. Co.* v. *Allen, supra,* in support of the doctrine that a decree in an action to quiet title effectually adjudicated all claims to an interest in the land, whatever their character, existing at the time the decree was rendered and not protected by it. A general decree in an action to quiet title settles all questions affecting the right of the owner to enjoy his land, whatever their form or character. We can find no decision asserting a different doctrine, nor have counsel referred us to a single case that suggests a different rule.

The fifth paragraph of the reply is addressed to so much of the third paragraph of the answer as relies on the proceedings for the assessment of damages to defeat this action. What was said in the case of *Indiana, etc., R. W. Co.* v. *Allen,*

*supra,* fully disposes of the question presented by the demurrer to this reply.

The appellee has removed the barrier which stood between him and a recovery in the first proceeding instituted by him, for he has both an assignment of the cause of action and a warranty deed. It was for want of the assignment of the claim for damages that he was defeated in that proceeding. *Indiana, etc., R. W. Co.* v. *Allen,* 100 Ind. 409.

It is settled law, that all damages arising from the appropriation of land by a railroad company must be recovered in one action, for successive actions can not be prosecuted. *City of Lafayette* v. *Nagle, post,* p. 425; *City of Terre Haute* v. *Hudnut,* 112 Ind. 542; *City of North Vernon* v. *Voegler,* 103 Ind. 314, and cases cited.

It was, therefore, proper for the appellee to prove all injuries that might naturally and proximately result from the construction and operation of the appellant's railroad. Of course, remote damages, and those that could not reasonably be expected to result, can not be recovered, nor can such as are purely speculative. It may be true that the witnesses referred to by the appellant may have embraced in their estimates some improper elements, but this did not, when, as here, developed on cross-examination, render their entire testimony incompetent. What was improper might have been struck out on motion, or eliminated by proper instructions. It is, however, evident from what we have said that the fact that prospective damages were included in the estimate of the witnesses did not make it proper to exclude those estimates from the consideration of the jury; on the contrary, it is well settled that such damages, when natural and proximate, are recoverable.

The appellant acquired no rights from its predecessor, for it was a trespasser. As the appellant is in possession of the land in violation of the right of the appellee, it must pay all the damages it has inflicted upon him. This has been so decided, and we feel sure that the decisions are sound. *Lake*

The Indiana, Bloomington and Western Railway Company *v.* Allen.

*Erie, etc., R. W. Co.* v. *Griffin,* 92 Ind. 487 ; *Lake Erie, etc., R. W. Co.* v. *Griffin,* 107 Ind. 464 ; *Bloomfield R. R. Co.* v. *Van Slike,* 107 Ind. 480 ; *Bloomfield R. R. Co.* v. *Grace,* 112 Ind. 128. The same general principle is elsewhere asserted. Pierce Railroads, 167 ; *Donald* v. *St. Louis, etc., R. R. Co.,* 52 Iowa, 411.

It is argued that the dismissal of the proceedings for the assessment of damages was erroneously directed. It is doubtful whether this assumption can be maintained; indeed, the authorities seem to hold otherwise. *Pittsburgh, etc., R. W. Co.* v. *Swinney,* 97 Ind. 586 ; *Brokaw* v. *City of Terre Haute,* 97 Ind. 451 ; *Bensley* v. *Water Company,* 73 Am. Dec. 575 ; Mills Eminent Domain (2d ed.), section 311. But, if it were granted that the court erred in dismissing the proceedings, that error would be of no avail in this collateral proceeding. An erroneous judgment stands as between the parties until overthrown by a direct attack.

It may be, that when the question is properly presented it will be held that the appellee, by insisting upon his right to damages, has waived his right to enforce the judgment in the action to quiet title. If he elects to accept damages he can not, unless the case is taken out of the general rule, disturb the appellant's possession, for he can not be allowed to occupy inconsistent positions. Bigelow Estoppel, 642. But this question is not now so presented that we can authoritatively decide it.

If the appellant had elected to abide by the judgment for damages, and had yielded to it, it would be very doubtful whether this action could be maintained, for we incline to the opinion that the appellee could not split his cause of action ; but the question is not properly presented to us, and we do not decide it.

We can not say that the damages are excessive, and, therefore, decline to disturb the verdict on that ground.

Judgment affirmed.

Filed Feb. 14, 1888.