# APPELLATE COURT

OF THE

## STATE OF INDIANA,

### AT INDIANAPOLIS, MAY TERM, 1893, IN THE SEVENTY. SEVENTH YEAR OF THE STATE.

───────◆───────

No. 942.

### MORRIS ET AL. *v.* WATSON.

ESTOPPEL.—*Street Improvement.—Lien.—Damages.—Wrongful Appro-priation of Land.*—In an action to enforce a lien for street improve-ment, an appeal having been taken from the improvement pro-ceedings, and a judgment rendered on appeal declaring such pro-ceedings null and void, the defendants are estopped to deny the city's right to the land appropriated for such street, and the result-ing lien of the contractor, where, after such judgment annulling the improvement proceedings, the defendants accepted damages of the city for the appropriation of the land as above mentioned. And the rule is the same whether the land-owner accepts damages in proceedings under the writ of assessment or in a suit for damages.

STREETS AND ALLEYS.—*Improvement Proceedings.—Appeal from.—Effect of Appeal Judgment.—Practice.—Municipal Corporation.*—Where an appeal is taken from proceedings to improve a street, the city is not compelled to stop the work while the appeal is pending; and, in such case, if, on appeal, the city prevails, the work may be finished

under the original proceedings, but if the property-owner is suc-
cessful, and the court decides that there is some irregularity in the
proceedings, the city may correct the same or begin anew, according
to the determination of the court on appeal.   If, however, the court,
on appeal, adjudges the entire proceedings void, and no appeal is
taken from such judgment, and the city does not proceed anew un-
der the statute, it amounts to an abandonment of the appropriation
of the land, and the title to the property reverts to the owner.

From the Clinton Circuit Court.

*R. N. Lamb, R. Hill* and *J. C. Green,* for appellants.
*J. F. Morrison, J. E. Holman, J. O'Brien* and *C. C. Shirley,* for appellee.

REINHARD, J.—This action was brought by the appel-
lee for the enforcement of a lien claimed by him as a
contractor for the improvement of a street in the city of
Kokomo against the appellants, whose lands were affected
by such improvement.

The action was commenced in the Howard Circuit
Court, from which the venue was changed to the court
below.

The complaint shows the passage of an ordinance by
the city council, for the improvement of a certain street,
and proceeds upon the theory that such street had an
existence at the time of the passing of such ordinance.

The facts averred show the regularity of the proceed-
ings to improve the street, the letting of the contract for
the work to the appellee, the notice required by the
statute, the assessments, the estimates, the particular
amount assessed against the property of appellants front-
ing on said street, the completion of the work in accord-
ance with the contract, and the failure of the appellants
to pay the same.   Upon issues joined the cause was sub-
mitted for trial to the court and there was a finding and
decree for appellee over appellants' motion for a new
trial.

Various errors are assigned, but the only one discussed in the brief of appellants' counsel is the overruling of the motion for a new trial, which involves the question of the sufficiency of the evidence to sustain the finding.

It appears from the evidence, that the appellant Christina L. Morris, who is a married woman and whose husband was joined as a co-defendant with her and is her co-appellant in this appeal, on the 14th day of February, 1887, was the owner of outlot No. 179 in the city of Kokomo, containing about eight acres of unplatted land used for agricultural purposes. On that day proceedings were instituted for opening Quincy and Mulberry streets through this lot, or tract of land, such proceedings resulting in the opening of Quincy street through such real estate, and condemning so much of the same as was required for the purposes of such street.

From these proceedings Mrs. Morris prosecuted an appeal to the Howard Circuit Court. In that court a demurrer was filed and sustained to the transcript treated as the complaint, and judgment was rendered thereon declaring the entire proceedings of the common council and city commissioners for the opening of said street and the condemnation of the land as absolutely null and void.

The appeal was taken under section 3180, R. S. 1881; and, while the same was pending, the city proceeded with the opening of the street, passed the ordinance referred to in the complaint for the improvement of the same, and let the contract for such improvement to the appellee.

The work was accepted by the city council, an estimate was made, and a lien declared on the land of Mrs. Morris for the amount of such assessments falling upon her land.

The appellants who were nonresidents of the State were duly notified by publication of the pendency of the proceedings, such notice inviting bids on the work be-

fore it was let.    The evidence tends to prove the other averments of the complaint.

It further appears from the evidence, that on the 4th day of April, 1889, the appellants instituted an action for trespass against the city of Kokomo, for the taking and appropriation of Mrs. Morris' land for the purposes of said street, and for the tearing down of the fences, digging up of the ground, etc.

On the 31st day of October, 1889, the city offered to confess judgment for $250 and costs, in said action, which offer was accepted by Mrs. Morris and paid by the city.    It also appears that after the bringing of this action Mrs. Morris platted the land, dividing it into city lots, and dedicating a portion thereof to the public for streets and alleys, which portion so dedicated was the same as had been appropriated by the city for street purposes.

It is earnestly insisted, by the appellants' counsel, that the judgment of the circuit court on appeal from the proceedings to open the street rendered such proceedings absolutely void, and left the parties in the position occupied by them before such proceedings were commenced; that the subsequent act of the city of improving the street was without warrant in law, and gave the contractor no lien which he can enforce in this action.

It is not denied, by the appellants, that under the act approved April 13, 1885, Elliott's Supp., section 753, the appellee would have a lien for the improvements made which he could enforce in this action, if the condemnatory proceeding of the city council had not been rendered void by the judgment of the Howard Circuit Court on appeal.    It is, therefore, proper that we should determine the effect of such judgment.

Section 3180, R. S. 1881, *supra,* under which the appeal was taken, provides what questions shall be determined by

the court to which such appeal is taken, in the following language: "Upon such appeal, the regularity of the proceedings of the commissioners, and the question as to the amount of benefits or damages assessed may be tried; but such appeal shall not prevent such city from proceeding with the proposed appropriation, nor from making the proposed change or improvement."

The circuit courts are courts of general jurisdiction, and where, in such cases, appeals are authorized, they take and exercise jurisdiction under their general appellate powers. *Hamilton* v. *City of Ft. Wayne*, 73 Ind. 1.

The statute quoted from seems to confine the questions to be decided to the regularity of the proceedings of the commissioners and to the amount of damages or benefits to be assessed. There may, however, be such irregularity in the proceedings of the commissioners as to render the entire proceedings void; as, for example, where no commissioners were appointed and no proceedings were had by any commissioners whatever, or where no notice was given the property-owner of the assessments of benefits or damages, etc. If, for any such reasons, the circuit court decides that the proceedings were void, there is nothing to prevent the city council from instituting new proceedings and finishing the improvement under them. In the meantime, the city is not compelled to stop the work, while the appeal is pending. It may proceed, notwithstanding the appeal. If, in the contest in the court to which the appeal is taken, the city prevails, of course the work will be finished under the original proceedings. If the property-owner is successful, on the other hand, and the court decides that there is some irregularity in the proceedings, the municipal authorities may, doubtless, correct the same or begin anew, in accordance with the determination of the court on appeal. But if the court, upon appeal, adjudges the entire proceedings

void, and no appeal is taken from such judgment, and the city does not proceed anew under the statute, we think it amounts to an abandonment of the appropriation of the land, and the title to the property reverts to the owner.

This brings us to the question as to whether the fact that the appellants, after the judgment of the circuit court declaring the proceedings void, proceeded against the city in an action of trespass, in which damages were tendered and accepted, does not estop such appellants from questioning the right of said city to make the appropriation. It is claimed, on the part of the appellants, that such proceedings not only did not concede the right of the city to take such property, but that it was an express denial of such right.

The complaint in the action for damages was in two paragraphs, each of which contained, in substance, the averments that the defendant (the city of Kokomo), without plaintiffs' consent or authority, wrongfully and illegally entered upon the land in controversy, tore down the fences enclosing the same, and did take possession of, use, occupy and convert to the use and benefit of said city, a portion of said lot, 60 feet wide and 500 feet long, and graded, graveled and macadamized the same for a street in said city, etc.; that the land so taken, used and converted into streets is of the value of $2,000, and no part of which has ever been paid the plaintiff; that the action of said defendant in entering upon said lands, tearing down said fences, taking possession of said land, occupying, using, and converting the same into streets, and thereby depriving this plaintiff of the use of her said lands, was greatly to the damage of said plaintiff, to wit, in the sum of $2,000, for which sum she prays judgment, etc.

We are of opinion that the issues in such suit cov-

ered all the damages, not only for the taking away of the fences and the digging up of the ground, but also for the appropriation and use of the land. Our cases establish the doctrine that in such actions, where the injury is done under a color of right, and is of a lasting and permanent character, all damages, both present and prospective, arising from the wrongful act, must be recovered in one action, and that all injuries to the land-owner, which may naturally and proximately flow from the use of the street, may be proved upon the trial. *City of Lafayette* v. *Nagle*, 113 Ind. 425; *Indiana, etc., R. W. Co.* v. *Allen*, 113 Ind. 308; *City of North Vernon* v. *Voegler*, 103 Ind. 314; *Montmorency, etc., Co.* v. *Stockton*, 43 Ind. 328; *Lafayette, etc., Co.* v. *New Albany, etc., R. R. Co.*, 13 Ind. 90; 1 Sutherland Dam., 191.

The appellant, having elected to accept the damages for the appropriation of the land, is estopped to deny the appellee's right to the possession. Bigelow on Estoppel, 642; *Test* v. *Larsh*, 76 Ind. 452; *Sherman* v. *McKeon*, 38 N. Y. 266; *People, ex rel.,* v. *Mills*, 109 N. Y. 69; Elliott Roads and Streets, 276 and 277.

There can be no difference in the rule in cases where the land-owner accepts the money tendered him in proceedings under the writ of assessment, and those in which the money is accepted in a suit for damages, such as the one in hand.

The *gravamen* of the action here relied upon to constitute an estoppel, was the unlawful appropriation of the appellants' land for street purposes. It is clearly shown, by the averments of the complaint in that action, that it was not the mere transient injury of the removal of the fences and the digging up of the earth that appellant, Mrs. Morris, sought to have redressed in damages, but also the taking of her land for the purposes of a street or streets. This being so, she can not now be heard to say

. that the occupancy of the street by the city is wrongful, and that the municipality was powerless to make the improvements. The tender and acceptance of the money amounted to what equity will construe to be a purchase . of the easement on the part of the city, and the appellant is precluded from asserting title afterwards. See *City of Indianapolis* v. *Kingsbury*, 101 **Ind.** 200; *Faust* v. *City of Huntington*, 91 Ind. 493.

There is no reversible error.

Judgment affirmed.

Filed Nov. 10, 1893.