A. J. SWANSON, Plaintiff and Appellee, v. FT. DODGE, DES MOINES & SOUTHERN RAILROAD COMPANY, Defendant and Appellant.

**Appeal:** AMENDED ABSTRACT: DILIGENCE. Where the appellant, after the filing of a motion to affirm the judgment on the ground that the shorthand notes were not filed in time, had the record below corrected to show that the notes were filed during the trial term and soon thereafter filed an amended abstract showing that fact, though only a short time before the date for submission of the case, such lack of diligence was not made to appear as to justify striking the abstract and affirming the judgment on motion.

**Railroads:** NEGLIGENT CONSTRUCTION: DRAINAGE: EVIDENCE. In this action plaintiff claims defendant company so constructed its roadbed as to destroy the efficiency of his tile drain thereunder. The defendant pleaded affirmatively that the road was constructed by an independent contractor, and that if there was any negligence it was chargeable to him, and introduced in evidence the construction contract. *Held*, that the contract was not conclusive against plaintiff, not a party to it, but that the question of whether the road was constructed by the contractor was properly submitted, as plaintiff was entitled to meet it by other evidence; and especially so as the contract on its face was incomplete because calling for construction in accordance with specifications to be thereafter pre-

sented and attached to the contract, which was not shown to have been done; and because the work was to be done under the supervision of defendant's engineer and was in fact supervised by him; that plaintiff claimed damages for continuing injury to the drain by exposure of the tile to the action of frost; and the further fact that the evidence as a whole showed that defendant acquiesced in the work of construction.

**Same:** NEGLIGENT CONSTRUCTION: WAIVER OF DAMAGES. A release of all damages to land by reason of constructing, operating and maintaining a railroad thereover, in an ordinary right of way deed, applies only to such damage as results to plaintiff from a proper and reasonable construction and maintenance of the road; it does not apply to damage arising out of negligent construction or breach of the condition upon which the deed was delivered.

**Same:** EVIDENCE. While the evidence in this action that plaintiff's title was destroyed by the action of frost is meagre, yet it is held sufficient to make a *prima facie* case on that issue.

**Same:** PRIVATE CROSSINGS: WAIVER OF EVIDENCE. On the question of whether plaintiff waived his right to a private crossing protected by cattleguards and gates by asking for two crossings, which were constructed without such guards, the evidence is in conflict and such that the issue was properly submitted to the jury.

**New trial:** MISCONDUCT IN ARGUMENT: SUFFICIENCY OF RECORD. Incorporation in the recitals of a motion for new trial of alleged improper argument of counsel is not sufficient to make the language a matter of record as a basis for exception thereto; but where objection to language was made during the argument and the particular language was recited into the record with the objection, a sufficient record to show the ground of objection and the particular language objected to was made.

**Same:** APPEAL: DISCRETION: PREJUDICE. The granting of a new trial on the ground of misconduct in argument is largely a matter of discretion; and when asked to reverse the ruling the appellate court must not only find that the language was technically improper but that it was also prejudicial. In the instant case the evidence fails to justify a finding of prejudice or that the trial court abused its discretion in refusing a new trial.

*Appeal from Webster District Court.*—Hon. C. E. Albrook, Judge.

SATURDAY, NOVEMBER 18, 1911.

ACTION for damages for negligent construction of defendant's railroad across plaintiff's land, and for appropriating a part of plaintiff's land outside of the right of way, and for failure to construct crossings. There was a verdict and judgment for the plaintiff. Defendant appeals. *Affirmed.*

*Dyer & Dyer* and *Healy & Healy,* for appellant.

*Kelleher & O'Connor,* for appellee.

EVANS, J.—I. Appellee has submitted a motion to affirm; also a motion to strike a certain amended abstract filed by appellant. The ground of the motion to affirm is

1. APPEAL: amended abstract: diligence.

that the shorthand notes of the trial below were never filed with the clerk until more than one year after the trial. On the face of the record as it was when appellee's motion was filed, such motion was good. After the filing of the same, however, the appellant proceeded in the trial court, and by proper proceedings obtained a correction of the record, whereby it is made to appear that the shorthand notes were duly filed during the term in which the trial was had. Such correction of the record, and the proceedings relating thereto, are made to appear by an amended abstract filed by appellant. Appellee has filed a motion to strike such amended abstract, on the ground that it was filed out of time and only a few days before the date assigned for the submission of the case. But such amended abstract of appellant was filed within a few days after the order correcting the record was made in the court below. Manifestly it could not have been filed prior to the entering of such order of correction. The delay might have given the appellee ground to ask for a continuance, but he did not

ask it. No lack of diligence on the part of the appellant is made to appear. The motion to strike the amended abstract is therefore overruled. The record as so amended cuts the ground from under appellee's motion to affirm. Such motion is also overruled.

II. The plaintiff is the owner of the south one-half of the north one-half of a certain section 24, and also of the north half of the southeast quarter of such section 24.

2. Railroads: negligent construction: drainage: evidence.

The defendant's railroad is laid north and south along the half section line of section 24. Such half section line is the center line of the right of way which comprises fifty feet on each side of such center line. The plaintiff conveyed to defendant the right of way across his land in July, 1906, and the road was constructed thereon immediately thereafter. There are four branches to plaintiff's claim: First. He claims rental value of land outside of the right of way which was inclosed by the defendant. Upon this item the jury allowed him $1.50. Second. He claims damages for excavations, and for dirt appropriated by the defendant company upon the plaintiff's land and outside of the right of way. On this item the jury allowed $100, and this was reduced by the court to $25. Third. He claims damages for the failure of the railroad company to erect such a crossing as was stipulated for in the deed of conveyance. On this item the verdict allowed him $100. Fourth. He claims that he had a system of tile drainage which was effective to carry the water from his west eighty eastward; that the right of way was laid across his main tile; that in the construction of the road the defendant negligently and unnecessarily dug borrow pits above his main tile drain, and that his tile was thereby exposed to the action of the frost, and thereby injured or destroyed. On this item the jury awarded him $525, which was reduced by the court to $480. The principal controversy centers upon the

last and largest item, and we will give to it our first attention.

The defendant set up an affirmative defense to the effect that the road was constructed by an independent contractor, known as the Northwestern Construction Company, and that if there was any negligence in the construction of the road such negligence was chargeable to the independent contractor alone, and that the defendant never assented to or acquiesced in any such act of negligent construction. A written contract was introduced in evidence, purporting to have been entered into in June, 1906, by the defendant railroad company and the construction company, above named. It was and is the contention of the defendant that such written contract was conclusive proof in support of its defense, and that the trial court should have directed a verdict in its favor on such ground. The contract is too lengthy to be set out in full. The trial court submitted to the jury the question whether the road was in fact constructed by an independent contractor. It is urged that the submission of such a question was in effect permitting the jury to construe a written contract. We are convinced that the defendant has no just ground of complaint at this point, and this is so for divers reasons.

The written contract was not conclusive upon the plaintiff. He was not a party thereto. In so far as such contract became proper evidence on behalf of the defendant, the plaintiff was entitled to meet it by other evidence, parol or otherwise. The contract on its face was incomplete in its provisions. It called for a construction of the road in accord with certain specifications, which were to be *thereafter* presented and attached to the contract. It is not made to appear that any specifications were ever thereafter attached or presented. It is conceded that the road was not in fact constructed by such construction company. The claim at this point is that it sublet the work to a subcontractor under a written contract, which is not in evidence.

The contract introduced shows that the proposed work was to be done under the supervision and to the "satisfaction" of the engineer of the defendant company.    The testimony on behalf of the plaintiff tended to show that the engineer of the defendant company was in charge of the construction, and that he directed in person the details of the work.    It does not affirmatively appear that he directed the specific location of the borrow pits; neither does it appear that any other person did.

There is the further difficulty for the defendant that the plaintiff claims as for a continuing injury in the continuance of the exposure of his drain tile to the action of the frost.    Even if the construction company were exclusively guilty of the initial wrong, the defendant continued the wrong which resulted in final injury to the plaintiff. The defendant's possession of the right of way was primarily exclusive, and it alone could restore the surface of the ground to the condition necessary for the protection of the tile.    It is undisputed that the removal of the dirt from above the tile was wholly unnecessary for the purpose of the construction of the road.    We are impressed that the rule of exemption from liability for acts of an independent contractor has little, if any, application to such a case as this, and that the instruction of the trial court on that subject was rather more favorable to the defendant than it was entitled to.    In any event, the evidence is quite sufficient to show the assent and acquiescence of the company.    *Waltemeyer v. Wisconsin Railway,* 71 Iowa, 629. On the other hand, there is no evidence tending to show that the contractor went beyond the specifications or exceeded the authority conferred upon him by the defendant company. Elliott on Railroads, vol. 2 (2d Ed.), 868; *Bloomfield v. Grace,* 112 Ind. 128, (13 N. E. 680).    It is our conclusion that the trial court did not err in refusing a peremptory instruction upon this question.

III.    In this connection, it is urged that the plaintiff

waived all claims for damages by an express provision to
that effect, contained in his deed to the defendant, as fol-

3. SAME: negligent construction: waiver of damages.

lows: "And the said Andrew J. Swanson
and Clara L. Swanson, his wife, hereby
release all damages to their lands by reason
of constructing, operating and maintaining a railroad on
said strip of land." The foregoing language can be fairly
applied only to such damages as would result to the plaintiff
from a proper and reasonable construction and mainten-
ance of the road. It cannot fairly be construed to apply
to damages arising out of negligent construction or out of a
breach of the conditions upon which the deed was delivered.

The alleged fact that plaintiff's tile was destroyed by
the action of the frost is not very satisfactorily proven. The
evidence at this point is very meager indeed. It is circum-

4. SAME: evidence.

stantial only, and consists of the circum-
stance that the water gathers upon the right
of way near the line of the tile, and is very slow in dis-
appearing. No one appears to have actually inspected the
tile; nor was there any direct evidence as to the actual con-
dition of the tile. It appears that only twelve or fifteen
inches of soil was left above the tile, and that the natural
action of frost would tend to destroy it in such condition.
The defendant company was in possession of the ground in
which the tile is laid. We reach the conclusion that the
evidence on behalf of the plaintiff was *prima facie* sufficient
to go to the jury.

What we have here said in this division of the opinion
is practically determinative of the questions raised concern-
ing the items of the verdict of $1.50 and $25 already
referred to, and we shall not enter into a further discus-
sion of such items.

IV. The deed whereby plaintiff conveyed a right of
way provided for "one crossing similar to a public highway
crossing, protected by cattle guards and regular gates to be
put in." The defendant company constructed for the plain-

tiff two crossings, but neither of them conforms to the re-
quirements of the deed, in that they are not
protected by cattle guards, nor by wing
fences. One count of the plaintiff's petition
was based upon a breach of this condition. The defendant
pleaded affirmatively that the plaintiff had waived this
provision of the deed, and in lieu thereof had accepted two
private crossings, neither of which was to be protected by
cattle guards or wing fences. It is urged that the testi-
mony at this point is conclusive for the defendant. We do
not think so. On the contrary, the testimony of plaintiff
is direct and positive that, although he asked for two
crossings in lieu of one, he never consented to any different
kind of crossing than that provided for in the deed. This
question was submitted to the jury under proper instruc-
tions, which are not complained of. It is urged that there
is no evidence of any damage by reason of the failure to
erect cattle guards and wing fences. Manifestly, cattle
guards and wing fences have their function. A crossing
so protected can be used more conveniently and safely for
driving stock from one side of the right of way to the
other. When a crossing is not protected in this manner, its
use is burdened with the necessity of taking precautions
against the escape of stock along the right of way. Such
was the opinion of witnesses, who testified to the difference
of value and of rental value of plaintiff's farm with and
without the protection. The verdict as rendered has such
support in the evidence that we cannot interfere with it.

V. It is urged that there was such misconduct on the
part of the plaintiff's counsel in the closing argument to the
jury that the trial court ought to have granted a new trial
on that ground. We are confronted with
some difficulty as to the sufficiency of the rec-
ord for the purpose of this exception. In the
motion for a new trial, the appellant set forth
a somewhat extended statement of the alleged language of

5. SAME: private crossings: waiver of evidence.

6. NEW TRIAL: misconduct in argument: sufficiency of record.

counsel for appellee in his argument to the jury. The incorporation of such alleged language in a recital in a motion is not sufficient to make such language a matter of record, as a basis for exception thereto. *Gray v. C., M. & St. P. R. Co.,* 75 Iowa, 100. This point is practically conceded by appellant's counsel, and they do not ask a consideration of the recital of their motion for a new trial. They contend, however, that during the argument complained of they made a formal objection to such argument, and recited into the record the particular language to which exception was taken, and that such objection and recital were then and there taken down by the shorthand reporter, and thus incorporated as a part of the shorthand report of the trial. That this is a sufficient record to show the ground of the objection, and to show the particular language to which they objected, is clear enough. But whether it can be said to be a finding or certification of the trial judge that the language charged was in fact used in the manner and form as charged is a more difficult question. We pass it by for the moment.

The ground of objection in this case was that appellee's counsel was "calling the attention of the jury to the fact that the defendant is a corporation and not an individual."

7. SAME: appeal: discretion: prejudice. The specific language complained of as being directed to that end was: "No person with a beating heart would do that. That is only the work of a business company." This statement had been preceded by the preparatory remark that this tile represented the "work and sweat of a lifetime." The question before us is whether the trial court abused its discretion in refusing a new trial, by reason of this remark of appellee's counsel. The question is one wherein the trial court has a large and important discretion. In order to overrule that discretion, we must find, not only that the remark was technically improper, but that it was prejudicial. The trial court was present

and heard the argument in this case.  No ruling was made upon the objection, and none was asked, except so far as an objection made may imply a request for a ruling.  The question was necessarily before the trial court upon the motion for a new trial.  His ruling was a finding that there was no prejudice in the remark.  We are impressed that such finding was well within his discretion.  The inflammatory character of the remark is not very prominent.  The facts and circumstances appearing in evidence are all quite commonplace, and there is nothing in them calculated to greatly inflame the passion of the jury.  There is some ground, also, for saying that the remark was within the range of fair argument on the question of negligence, namely, whether the act complained of was one which a reasonably prudent person would not have done.  True the argument is more glowing than the legal proposition, but some degree of heat is a prerogative of argument.  We are satisfied that the record before us would not justify a finding of prejudice, or that the trial court went beyond its fair discretion in refusing a new trial.  *Wissler v. Atlantic,* 123 Iowa, 11; *Brusseau v. Brick Co.,* 133 Iowa, 245; *Estate of Wharton,* 132 Iowa, 714; *Geiger v. Payne,* 102 Iowa, 581; *George v. Swafford,* 75 Iowa, 491; *Dowdell v. Wilcox,* 64 Iowa, 721; *Scott v. Railway Co.,* 68 Iowa, 360; *Shepherd v. Railway Co.,* 77 Iowa, 54.

VI.   Some other errors are assigned and argued which relate to rulings on evidence.  The discussions in divisions 2 and 3 hereof are quite decisive of them all, and we will not elaborate upon them in detail.

We find no ground of reversal.  The judgment below is therefore *affirmed.*