DONALD v. THE ST. L., K. C. & N. R. CO. ET AL.

1. **Railroads: RIGHT OF WAY: TRESPASS.** A railway company which occupies with its track land over which it has not acquired the right of way is a mere trespasser, and a purchaser of the land after such occupation may maintain an action to recover the value of the land appropriated, and the damages occasioned by the trespass since his purchase.

*Appeal from Appanoose Circuit Court.*

THURSDAY, DECEMBER 4.

ACTION to recover for the value of the right of way of defendants' railroad over plaintiff's land. The cause was submitted to the court without a jury, and judgment rendered for plaintiff. Defendant appeals.

*Trimble, Carruthers & Trimble,* for appellant.

*J. C. Coad,* for appellee.

BECK, CH. J.—I. This is an agreed case, and was submitted to the court below under the provisions of Chapter 10, Title

XX, of the Code. The statement of facts upon which the cause was tried is as follows:

"In the above entitled cause it is agreed as follows, to-wit:

"1st. That in the spring or summer of 1868, one Mathias Gregory was the owner in fee simple of the following described real estate, to-wit: . South half of the northwest quarter of section thirteen, township sixty-eight north, of range sixteen west, in Appanoose county, Iowa.

"2d. That at said time and during the time said Mathias Gregory owned said real estate the St. Louis & Cedar Rapids Railway Company, without first obtaining the right of way over and across said land, entered upon the same, located and constructed its road over and across said land; and said St. Louis & Cedar Rapids Railway Company, its lessees and successors and grantees, have continued in the exclusive possession and use of said land on which said road is built on said land, ever since same was graded; to-wit: spring or summer of 1868.

"3d. That in the fall of 1868 the North Missouri Railroad Company leased said St. Louis & Cedar Rapids Railway for a term of twenty years, and continued to use and operate said road under said lease until August, 1871, at which last named date the North Missouri Railroad was sold on deed of trust, and was bought in, together with lease aforesaid, by Morris Jessup, trustee. That said Jessup, as trustee, continued in possession of and operated said St. Louis & Cedar Rapids Railway through and over said land until February, 1872; that at the last named date he sold said North Missouri Railroad and said lease on St. Louis & Cedar Rapids Railway to St. Louis, Kansas City & Northern Railway Company.

"4th. That at the October term, 1872, of the United States Circuit Court for the district of Iowa, a mortgage, heretofore given by St. Louis & Cedar Rapids Railway Company on its said road, was foreclosed, and said road from the Iowa and Missouri state line to Ottumwa, Iowa, was, on the 18th day of March, 1873, sold under said foreclosure to Charles Parsons, trustee for bondholders, for the sum of $500,000.00, and on the 1st day of October, 1875, said line of road was sold by

Parsons, trustee, to the St. Louis, Ottumwa & Cedar Rapids Railway Company, and is now owned by said last named company.

" 5th. That the St. Louis, Kansas City & Northern Railway Company have had possession of and operated said line of road from said state line to Ottumwa, Iowa, under lease from said St. Louis & Cedar Rapids Railway Company, Charles Parsons, trustee, and St. Louis, Ottumwa & Cedar Rapids Railway Company ever since February, 1872, and it and its predecessors have been in exclusive possession of said line of road through and across said real estate ever since the spring or summer of 1868.

" 6th. That on the 19th day of February, 1874, Mathias Gregory sold and conveyed said land to John Donald by original deed, which is hereto attached, marked Exhibit 'A,' and made a part hereof, and said Donald still holds title to said lands described in said deed.

" 7th. That none of the owners of said land, nor any railway companies, nor anyone in their behalf, or in behalf of the trustee aforesaid, ever commenced proceedings to condemn the right of way over and across the real estate hereinbefore described, and no right of way was ever conveyed across said land by anyone owning said land at any time.

" 8th. That the value of said right of way over and across said land is fixed by the parties hereto at one hundred and seventy-five dollars.

" 9th. That said St. Louis, Kansas City & Northern Railway Company and St. Louis, Ottumwa & Cedar Rapids Railway deny that they or either of them are liable to said Donald for the value of said right of way, and deny that said Donald can recover of them or either of them.

" 10th. Now, it is further agreed that the question of the liability of said St. Louis, Kansas City & Northern Railway Company and St. Louis, Ottumwa & Cedar Rapids Railway Company to said Donald for said right of way shall be submitted to the Circuit Court of Appanoose county, Iowa, at the August term, 1878, on the agreement of facts herein stated, and no other evidence be submitted or admitted.

"That if said court finds that said companies, or either of them, are liable, then judgment shall be entered against both of said companies, for the sum of $175.00 and costs, but no execution to issue thereon until said Donald conveys to said companies or to such one of them as they may elect at the time judgment is rendered, the right of way over and across said real estate one hundred feet wide, being fifty feet on each side of the center of the railroad track as now constructed on said land. The title to said right of way to be free and clear of all liens.

"That in case said court finds said companies are not liable, then judgment shall be rendered against Donald for all costs.

"11th. It is expressly agreed and understood that by this agreement neither of the parties hereto waive their right of appeal to the Supreme Court, and that each party hereto may appeal from the judgment rendered in this case to the Supreme Court of Iowa in the manner and form as required to appeal cases to said court.

"12th. That said railroad (St. Louis & Cedar Rapids) was constructed over and across said land without the knowledge or consent of the said Mathias Gregory, and without any agreement with him in regard to the same.

"13th. That neither the St. Louis, Ottumwa & Cedar Rapids Railway Company, nor any of the subsequent owners or lessees, or any other corporation or person, ever paid either the said Mathias Gregory or the plaintiff, John Donald, anything for the right of way over said land, or ever agreed to pay anything for said right of way.

"That the defense of statute of limitation against plaintiff is waived, if any such defense exists, and for the purpose of the trial of this case it is agreed that this action be deemed as pending since March 1st, 1878."

There appears to have been no pleadings in the case, and it was submitted upon the agreed statement of facts which presented the claim of plaintiff for relief. The statute contemplates the presentation of cases for decision in this manner, without pleadings.

II. The plaintiff claims to recover the value of the right

of way occupied by defendant. The occupancy was commenced 1. RAILROADS: and continued without right. The defendants are right of way: trespass. mere trespassers, and the land owner may maintain an action against them to recover damages for the occupation of the land. *Daniels v. The C. & N. W. R. Co.*, 35 Iowa, 129; *Daniels v. C. I. & N. R. Co.*, 41 Id., 52; *Conger v. The B. & S. W. R. Co.*, Id., 419; *Hibbs v. The C. & S. W. R. Co.*, 39 Id., 340; *Ruppert et al. v. The C., O. & St. J. R. Co.*, 43 Id., 490.

The plaintiff seeks in this action to recover the damages to which he is entitled under the law.

III. The defendant insists that the right of action accrued to Gregory, plaintiff's grantor, when the land was first taken, the trespass first committed, and that as this right of action has not been assigned to plaintiff he cannot maintain the suit. But as the railroad company was a trespasser when plaintiff acquired the land, and continued to occupy it as such, the defendant is liable in this action for its trespass upon plaintiff's property after he became the owner. Plaintiff may recover under the cases cited for the value of the land appropriated, and other damages. These damages are for injuries sustained by plaintiff himself, and do not cover the injuries sustained by plaintiff's grantor. It is not important to inquire what were the rights of plaintiff's grantor. They are not involved in this action.

AFFIRMED.