THE OHIO AND MISSISSIPPI R. W. CO. v. NICKLESS.

No 7360.

NEGLIGENCE.—*Injury to Person.—Complaint.—Railroad.—Demurrer.*—As to the sufficiency of a complaint in an action for damages for injuries to the plaintiff, by the negligence of a railroad company, see opinion.

PLEADING.— *Written Instrument.—Demurrer.*—Where a pleading is based upon a written instrument, unless the original or a copy thereof is filed therewith, it is insufficient on demurrer.

SAME.—*Answer —Shipper's Pass.—Demurrer.*—Where the complaint in such action alleged that the injuries complained of were received while travelling upon a "shipper's pass" given the plaintiff in consideration of freight paid for the transportation of stock, an answer alleging that such injuries were received while riding " upon a free pass, without paying any fare," is insufficient on demurrer.

SAME.—*Receiver.—Plea in Bar or Abatement.*—In such action the defendant, a railway company, can not plead either in bar or abatement, that such company was in the hands of a receiver, and that such action was brought without leave of the court in which such receiver was appointed, though by bringing such suit without leave the plaintiff may have been guilty of a contempt.

EVIDENCE.—*Damages.—Opinion of Witness.*—Upon the trial of such cause, it was not competent for the plaintiff to state as evidence his estimate of the amount of damages he had sustained on account of the injuries received; and the Supreme Court can not say that such testimony was harmless, though the jury returned a verdict for a less amount than was estimated by the plaintiff.

From the Lawrence Circuit Court.

*F. Wilson* and *M. F. Dunn*, for appellant.

*N. Crooke, G. Putnam* and *G. W. Friedley*, for appellee.

WORDEN, J.—Complaint by the appellee, against the appellant, alleging, in substance, that on the 15th day of October, 1876, and from that date to the present time, the defendant was, and still is, the owner of a railway, running from the city of Cincinnati, Ohio, to East St. Louis, State of Illinois, passing through the counties of Jackson and Lawrence, in the State of Indiana, and that the defendant was engaged in carrying for hire passengers, freight, etc., from point to point on the line of the railway;

that, on the 23d day of October, 1876, the defendant, for the consideration of thirty-seven dollars and fifty cents, agreed to convey from Mitchell, Indiana, to Cincinnati, Ohio, plaintiff and one and a half car loads of cattle, the property of said plaintiff; that said cattle were twenty-four in number, and were loaded in the stock cars of defendant at Mitchell, Indiana, and started to Cincinnati, Ohio, on the evening of the 23d day of October, 1876, the plaintiff taking passage on the same train with the cattle, and carrying a " shipper's pass," which was given him in consideration of said hire which plaintiff paid defendant for carrying the cattle as aforesaid; that the defendant, by its servants and employees, negligently and carelessly conducted and ran said train, running in the night-time at the rate of fifteen miles per hour, which was an unreasonably fast and dangerous rate of speed for a freight train carrying cattle, and running in the night-time, not keeping the proper lights out to prevent accidents, not keeping vigilant watch ahead, and running off their regular time; that, about nine or ten o'clock P. M. of said day, while said train was being thus negligently and carelessly run by the servants and employees of defendant, and while the plaintiff was seated on a seat of the caboose of said train, this being the proper place for him, and without any fault or negligence whatever of plaintiff, at or near Shield's Station, on the line of said defendant's road, in Jackson county, Indiana, said train ran into the hind end of another train which was standing on the track, having been left and allowed to stand there, through defendant's gross negligence and carelessness, and that of its servants, and which, through the negligence and carelessness of the servants and employees of defendant, had not the proper lights out to warn the approaching train, and which, through the like negligence, had a freight car attached to the hind end of the caboose, which

would have hidden the lights from the view of the approaching train, even if they had been out in their proper places, which are on the caboose; that the negligence of the defendant's servants and employees was the sole and entire cause of said collision and of said injury to the plaintiff, without any fault whatever of the plaintiff; that, when the train, on which the plaintiff was, ran into the other standing train, the plaintiff was without fault or negligence on his part, thereby thrown violently from his seat, where he was seated in the caboose of said train, striking with his head upon the side and floor of said car or caboose, whereby his head was bruised and otherwise injured, his neck was twisted, the muscles thereof being strained, his spine severely injured, his shoulders, back and hips being violently and severely bruised and strained, and his whole body receiving severe and painful injuries, both externally and internally, whereby the plaintiff was disabled and prevented from labor from that time to this, and became sick and was compelled to remain in his bed for the space of six weeks; that, in consequence of the injuries so received, the plaintiff was and still is partially paralyzed in both of his arms and suffered great pain, which injuries wholly disable him from attending to his business, and from which he will never recover; that the collision resulted from the carelessness and negligence of the defendant's servants, without fault or negligence on the part of the plaintiff, and that the injuries received by the plaintiff were caused in like manner, without fault on his part.

A demurrer to the complaint for want of sufficient facts was filed by the defendant, and overruled.

The defendant answered:

1. General denial;

2. "That the defendant and plaintiff entered into a written contract, by which the defendant agreed to carry

the plaintiff's said 24 head of cattle from said town of Mitchell to said city of Cincinnati, Ohio, for the sum of $37 $\frac{50}{100}$, and at the same time defendant agreed to carry plaintiff from said town of Mitchell to said city of Cincinnati, Ohio, free, he having signed and executed to defendant a written release, by which he assumed all risk of personal injuries, and released defendant from liability to him, as a common carrier, in case of injury to himself; copies of said written contract and release are filed herewith and made a part hereof; and the plaintiff, at the time of the happening of the alleged injuries, was being carried free."

3. " That, at the time plaintiff claims to have received the alleged injuries, he was riding upon a free pass, without paying any fare."

4. " That the defendant, at the commencement of this suit and ever since, has had all its property, money, and assets and effects, and rights of all kinds in the hands of John King, Jr., as receiver, by appointment of the United States Circuit Court for the District of Indiana, and has been, by order of said court, forbidden to collect or receive any money, or to pay any debts, or to transact any business, and that all its trains are managed by, and all its business being conducted by, said John King, Jr.; that said defendant has no control over the property of said company, or of its funds, and can not, without violating the order of said court, make any contract, or create any debt or pay any. Wherefore defendant says that this court has no jurisdiction of the person of the defendant, nor of this cause of action; and defendant prays that this action may abate." This paragraph was duly verified.

A demurrer for want of sufficient facts was sustained to the second, third and fourth paragraphs of answer.

Trial by jury, verdict and judgment for the plaintiff for $2,000.

Errors are assigned upon the overruling of the demurrer to the complaint, upon the sustaining of the demurrer to the several paragraphs of answer above mentioned, and upon overruling a motion for a new trial.

It is objected to the complaint, that, while it shows that the accident happened without the fault of the appellee, "it nowhere directly alleges that he did not himself contribute to the sickness, loss of time and labor, and paralysis for which he also claims damages." But we think the complaint, in this respect, was amply sufficient, and that the demurrer to it was correctly overruled.

No error was committed in sustaining the demurrer to the second paragraph of answer. That paragraph was based on certain written instruments, copies of which it professed to file; but they are not in the record. This, if there were no other objections to the paragraph, was sufficient to justify the decision on the demurrer.

The third paragraph was also bad, and the demurrer to it correctly sustained. That paragraph alleges, that at the time of the injuries the plaintiff was riding upon a free pass, without paying any fare. But the paragraph confesses, because it does not deny, what is alleged in the complaint, viz.: That the defendant agreed to transport the plaintiff's stock for the $37 $\frac{50}{100}$, and gave him the "shipper's pass" in consideration of the freight which he paid for the transportation of his stock.

Taking the allegations of the complaint and answer together, it may be gathered that the plaintiff paid nothing as for his own fare, but that a free pass was given him in consideration of the freight which he paid on his cattle. Under these circumstances, it is clear that the defendant is liable to the plaintiff for the injury done him, charged in the complaint. *The Ohio, etc., Railway Co.* v. *Selby*, 47 Ind. 471.

The fourth paragraph of answer was also bad, and the

demurrer to it correctly sustained. It was pleaded in abatement, but did not allege that the plaintiff had not obtained the leave of the court in which the receiver was appointed to bring the action. But, aside from this, we do not think the matter could be pleaded by the defendant either in abatement or in bar of the action.

If the plaintiff brought the action without the leave of the court in which the receiver was appointed, he may have been guilty of a contempt of that court. But we do not see how the appointment of the receiver could take away the jurisdiction of the court below over the defendant, or the subject of the action. Nor do we think it lies with the defendant to say that it will be sued only upon leave of the court in which the receiver was appointed.

The appellant makes a point as to the service of process, but it is not presented by the record.

There was a motion for a new trial, assigning several causes, the last of which only need be considered, as upon that the judgment will have to be reversed.

A bill of exceptions shows that the plaintiff testified for himself as a witness, and after showing that he testified to his injuries, the bill proceeds as follows:

" The plaintiff was here asked to state the amount of damages he had sustained by the injuries he had described, to which question the defendant objected, for the reason that it was simply asking for the opinion of the witness; whereupon the court ruled that the witness might state the facts showing the extent of his damages, and calculated to measure the amount of his damages; that he had already spoken about loss of time and medical attention; that he might state any other pertinent matters, but that his mere opinion was not worth any thing; that the jury founded their verdict on facts, and not opinion, *but that, where an amount constituted a fact, it might be given.* Whereupon the defendant excepted to the ruling of the court. The witness

then stated that he had sustained damages to the amount of at least five thousand dollars."

The evidence of the plaintiff as to the amount of damages sustained by him was clearly incompetent; and the ruling of the court, that, where the amount of damages constituted a fact, the statement of the witness as to the amount might be given, was erroneous. The witness might very properly describe his injuries, but it was not competent for him to estimate the amount of damages which he had sustained. That was for the jury to determine. Nor can we say that the testimony was harmless, because the jury returned two thousand dollars as the damages, instead of five thousand dollars, the amount estimated by the plaintiff. We can not say that the amount found was not in some degree influenced by the estimate which the plaintiff put upon his damages.

The judgment below is reversed, with costs, and the cause is remanded for a new trial.