RUSH ET AL. v. THE B., C. R. & N. R. Co.

1. **Tenants in Common:** DEED BY ONE: DAMAGES. Where one of two tenants in common deeded the right of way through their premises to a railroad company upon certain conditions, and the company entered but failed to comply with the conditions, the tenant granting the deed can maintain an action to recover damages for the breach of contract, and the other, the entry being without her consent, for the trespass.

*Appeal from Hardin District Court.*

TUESDAY, DECEMBER 6.

A DEMURRER to plaintiffs' petition was sustained by the court below and a judgment rendered for defendant. Plaintiff appeals.

*J. H. Scales,* for appellants.

*J. & S. H. Tracy,* for appellee.

BECK, J.—I. The petition alleges that plaintiffs are the owners and tenants in common of certain land in Hardin county; that plaintiff, Joseph Rush, executed to defendant a deed for the right of way of its railroad over the land in consideration of the undertaking of the defendant to erect a depot at a certain point, construct certain crossings, to fence the railroad upon plaintiff's land, and to build it upon a line in a certain direction, and that defendant has built the road upon plaintiff's land but has failed to perform its contracts just stated. It is alleged that plaintiff, Elizabeth Rush, had no knowledge of the deed executed by her co-plaintiff, and did not assent thereto.

Plaintiffs ask that the deed for the right of way be reformed if necessary, so as to express its true consideration, and that judgment be rendered for the damages sustained by plaintiffs by reason of the construction of the railroad upon their land.

The defendant demurrerd to the petition on the ground that

it does not state facts which entitle plaintiffs to relief and that the action to recover the right of way appropriated by defendant cannot be maintained, as the exclusive remedy of plaintiffs is an *ad quod damnum* proceeding. The demurrer was sustained and plaintiffs standing upon their petition, judgment was rendered for defendant.

II. In our opinion the demurrer was erroneously sustained. The action as to Joseph Rush is to recover upon defendant's

**1. TENANTS in common: deed by one: damages.**

contract set out in the petition, which, plaintiffs allege, the defendant has wholly failed to perform. The defendant entered the land under this contract, and plaintiff, Joseph, may maintain an action to recover damages for its breach. And so far as his rights are concerned this action seeks that remedy.

III. The petition alleges that the defendant entered upon the land without the consent of plaintiff, Elizabeth. As to her it was a trespasser and she may maintain an action to recover the damages to which she is entitled by law. This case does not present the question involving the amount of such damages. See *Hibbs v. The C. & S. W. R. Co. et al.*, 39 Iowa, 340; *Donald v. The St. L., K. C. & N. R. Co.*, 52 Iowa, 411, and cases therein cited.

The petition in our opinion sets out facts whereon each plaintiff may maintain an action and recover. The demurrer, therefore, should have been overruled.

The demurrer does not raise the question whether plaintiffs may join in this suit upon their respective causes of action as set out in the petition. We cannot, therefore, consider it.

REVERSED.