Filed Jan. 10, 1884.

---

No. 9000.

THE FORT WAYNE, MUNCIE AND CINCINNATI RAILROAD COMPANY ET AL. *v.* MELLETT.

CONVEYANCE.—*Adverse Possession.*—At common law possession of lands by a stranger who was a mere trespasser does not make void a conveyance by the owner.

SAME.—A deed made prior to the enactment of section 1073, R. S. 1881, while the owner was out of possession, and another in adverse possession under color of title, is void.

RECEIVER.—*Ejectment for Land in Possession of.*—Where a receiver is in possession of land under a decree of the circuit court of the United States, no action can be maintained in the State courts to recover possession of such land.

SAME.—*Complaint.*—A complaint to recover land against a receiver, which does not show the land to be in legal custody, is not subject to a demurrer.
SAME.—*Trespass.*—A receiver appointed by the Federal court may be sued for a mere naked trespass to real property.

From the Henry Circuit Court.

*W. H. Coombs, J. Morris* and *R. C. Bell,* for appellants.

*G. H. Koons,* for appellee.

ELLIOTT, J.—We think that the complaint in this case, although not skilfully drawn, may be regarded as showing that the appellant entered upon the land described in the pleading without right or claim of title, and that, therefore, the rule that no valid deed can be made while another is in adverse possession does not apply. The rule that a deed can not be made while there is an adverse possession under claim of title has long obtained in this State, and, until the change effected by the statute of 1881, was the law of the State. *Bell* v. *Longworth,* 6 Ind. 273; *Doe* v. *Hearich,* 14 Ind. 242.

The complaint charges that the appellant had possession unlawfully and without right, and we have concluded, not, however, without considerable hesitation, to hold it good as charging possession acquired by trespass. This we do because we hold that, although acts of ownership were done upon the land, still they may be regarded as those of a mere trespasser, and such a person can not prevent the true owner from selling his land. *Donald* v. *St. Louis, etc., R. W. Co.,* 52 Iowa, 411.

In the second paragraph of the appellee's complaint there is the following statement: "The defendant Elijah Smith, receiver of his co-defendant, the Fort Wayne, Muncie and Cincinnati Railroad Company, is the duly appointed receiver of said company, and is accordingly made a party defendant to this action." It is insisted that as the complaint does not show that leave has been obtained to sue Smith, there can be no action maintained against him. There is nothing in the complaint showing that Smith has possession of the property, and, therefore, no question is presented by the pleading as to whether the property is in legal custody. It is held in *Ohio,*

*etc., R. W. Co.* v. *Nickless,* 71 Ind. 271, that an action may be maintained against a receiver. It was there said: " But we do not see how the appointment of the receiver could take away the jurisdiction of the court below over the defendant, or the subject of the action." *Hills* v. *Parker,* 111 Mass. 508 (15 Am. R. 63). If we treat the complaint as one for a mere naked trespass, and the receiver as a joint wrong-doer, then the rule laid down in *Ohio, etc., R. W. Co.* v. *Nickless, supra,* applies. Whether the court which appointed the receiver might enjoin proceedings against him is a question not before us, and we give no opinion upon it. High Receivers, sections 255, 256. Here the receiver merely questions the right of the appellee to proceed, and does not invoke assistance from the court which appointed him.

The evidence shows that the appellee became the owner of the land in 1872; that in 1853 a railroad company, called the Cincinnati, New Castle and Michigan Railroad, located and partly built a railroad between New Castle and Muncie, which, as one of the witnesses said, " was partly graded on the line of the present road, the line extended over the lands in controversy, but not much work was done;" that in January, 1868, Martin L. Bundy sold and conveyed by deed to the Cincinnati, Connersville and Muncie Railroad Company the line of road constructed by the Cincinnati, New Castle and Michigan Railroad Company, and all rights which that corporation had acquired, and that this deed was duly recorded February 24th, 1868. Martin L. Bundy testified that he thought the line located in 1853 was that on which appellant's road was constructed, and that it took possession of the property he had conveyed. In 1869 the appellant mortgaged all of its property and rights; afterwards, in a suit on this mortgage, a receiver was appointed and directed to take into custody the entire property, and, acting under this order, made by the circuit court of the United States, he did take possession, and was in possession when this action was brought. The appellee testified that when he bought the land it was in the possession of the railroad com-

pany. Articles of consolidation of the Fort Wayne, Cincinnati and Muncie Railroad Company and the Cincinnati, Connersville and Muncie Railroad Company were given in evidence, as were the articles of association of these companies.

We are unable to find any grounds upon which to sustain the finding of the court below. At the time appellee purchased the land, the appellant was in actual possession under claim and color of title, and, under the law as it stood prior to 1881, the deed to him from Peterson was void as to the appellant, and he could not maintain this action. *Vail* v. *Lindsay*, 67 Ind. 528; *Sleeple* v. *Downing*, 60 Ind. 478; *Galbreath* v. *Doe*, 8 Blackf. 366; *Fite* v. *Doe*, 1 Blackf. 127.

The land was, as the decree of the United States Circuit Court shows, in the possession of the receiver, who was appointed in the foreclosure proceedings instituted by the holders of the mortgage executed before appellee purchased the land. When the action was brought, there was no unlawful possession of the land by the appellant, for it was in the custody of the law. It is unquestionably the general rule that one court can not exercise authority upon, or over, property in custody of the officer of another court of competent jurisdiction by virtue of a decree of the latter court. *Pipher* v. *Fordyce*, 88 Ind. 436; S. C., 22 Am. L. Reg. 665, *vide* authorities, note, p. 666; *Wiswall* v. *Sampson*, 14 How. 52; High Receivers, 139; Edwards Receivers, 170, 174.

It appears here that the corporation had color of title, and that its rights, whatever they were, were in the custody of the receiver appointed by the United States Circuit Court, and it is not for any other court to try the question of title. If the railroad corporation had been a trespasser without color or claim of title, the case would fall within the authorities above cited on that point.

Judgment reversed, with instructions to sustain appellants' motion for a new trial.

Filed Jan. 9, 1884.