BIRGE v. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

1. **Railroads**: RIGHT-OF-WAY DAMAGES: CHOICE OF REMEDIES BY LAND-OWNER.   One whose land is taken for right of way by a railroad company, without compensation, is not confined to the statutory remedy provided for the assessment of his damages, but he may maintain an action for trespass.   *Rush v. B., C. R. & N. R'y Co.*, 57 Iowa, 201, followed.

2. ———: RIGHT OF WAY: CONDEMNATION: NOTICE MUST NAME OWNER.   Section 1247 of the Code requires that a notice by publication for the condemnation of right of way for a railroad must be addressed *by name* to the person whose land is to be taken or affected, and an owner not so named will not be bound by a notice addressed to "all other persons having any interest in or owning any portion" of the land.

*Appeal from Palo Alto District Court.*

FRIDAY, DECEMBER 12.

ACTION to recover possession of certain real estate, and for damages.    There was a judgment for the defendant.   The plaintiff appeals.

*Soper, Crawford & Carr*, for appellant.

*Geo. E. Clarke*, for appellee.

ADAMS, J.—I.   The land in question is occupied by the defendant for the use of its railroad, being a part of three

Birge v. The Chicago, Milwaukee & St. Paul R'y Co.

1. RAILROADS: right-of-way damages: choice of remedies by land-owner. tracts, of forty acres each, in Palo Alto county. The plaintiff shows by his petition that he became the owner of the three tracts on the twenty fourth day of September, 1881, by title derived through one Kate Perry, and that the defendant has constructed its track over the land, by reason of which he has sustained damages in the sum of $100. The defendant moved to strike out so much of the plaintiff's petition as sets up a claim for damages, the motion being based upon the ground that the petition shows that the land has been taken for railroad right of way, and that the damages for such injury, if any, can be assessed only by the special tribunal provided by statute. The court sustained the motion, and the plaintiff assigns the ruling as error. At a former term of this court we held, in this case, that the ruling of the court was correct. After the opinion was filed, we discovered a case which had been overlooked by both court and counsel, in which it was held that damages may be recovered in an action of trespass. *Rush v. Burlington, C. R. & N. R'y. Co.*, 57 Iowa, 201. The opinion was very brief, and the ruling in question was contained in a single remark, and did not especially enlist our attention. We do not regard the question as one of great importance, and, while a majority would be satisfied on principle to adhere to the original opinion, we do not feel justified in overruling the case above cited, and it follows that the motion to strike out the claim for damages should have been overruled.

II. There is one other question in the case which was determined by the former opinion, with which decision we are content, and we desire to add nothing further in its support; and, as that opinion will not be published, we here incorporate so much of the former opinion as pertains to that question:

" 2. We come now to the second and only remaining branch of this case. The defendant, by way of answer,

2. ——: right of way: condemnation: notice must name owner. averred certain facts as constituting a legal assessment under the statute, and condemation of the land. To the answer the plaintiff demurred, and the demurrer was overruled. An assessment, it appears, was made, and the only question presented is as to the sufficiency of the notice to bind this plaintiff. The notice given was a notice by publication, and the person who was the owner at that time was not specifically named therein. The defendant, however, insists that no notice was necessary, and that, besides, if it was, the notice was sufficient, for that, while it is true that the owner was not specifically named in the notice, he was otherwise described. The notice was in these words: *'To Kate Perry * * * and all other persons having any interest in or owning any of the following real estate,' etc.* Kate Perry, it appears, was formerly the owner. Just prior to the commencement of the proceedings she sold and conveyed to one Conable, who afterwards conveyed to the plaintiff. The defendant, failing to discover the conveyance of Kate Perry, proceeded as if she still remained the owner. Whether it would be competent for the legislature to provide for the taking of land for a public improvement without notice to the owner, we need not determine. Our legislature has not so provided. It has, on the other hand, expressly prescribed a notice. Having done so, we must hold that a notice is necessary. The only question to be considered, then, is as to whether the notice in question was a notice to Conable, the plaintiff's grantor, and the owner at the time of the proceedings for condemnation. If it was a notice to him, it must have been by reason of its embracing the words 'all other persons having any interest in, or owning any of, the following real estate.' As to whether it was sufficient depends upon the statute under which it was given. The words above quoted, as contained in the notice, are the words of the statute. Code, § 1247. But it also provides that the company shall 'name each person whose land is to be taken or affected.' It does not provide that it shall do so so far as

the persons are known, but the provision is unqualified. We cannot hold that the provision can be disregarded, or that a qualification can be ingrafted upon it by judicial construction. There would, indeed, be no possible question but for the provision requiring the notice to run to 'all persons,' etc.

"A cardinal rule of construction is that courts shall give force to every part of a statute or instrument, so far as they can do so consistently. If we adopt the construction which the company contends for in this case, we should hold virtually that it is immaterial whether the owner is named or not, providing some one is named. We should, as it seems to us, virtually nullify an express provision. On the other hand, we can give force to the provision, and still not hold that the other provision is useless. The notice, while not operative as constructive notice to 'other persons,' might have the effect to actually notify them, and if they should appear at the assessment, as they might be expected to if notified, the object would be accomplished. The provision in this view would seem to be a wise one. The relation of the railroad company to the land-owner is entirely different from that of the plaintiff to the defendant in an action. The claim of the company is not to be resisted. Such being the case, it is to be supposed that the land-owner would embrace the earliest opportunity to secure a legal assessment, and that, too, without regard to the question as to whether he had been notified in such a way as to bind him if he should not appear. If one proceeding proves abortive, another would be instituted. The object of the statute is to provide the best notice practicable. But if the owner is not named in it we do not think he is bound by it. If we should adopt the construction contended for by the company, and hold that he is, it appears to us that an inducement would be offered to railroad companies to omit the name of the owner, and to name some third person, or some fictitious person, that they might enjoy whatever advantage they could from the absence of the owner.

"In our opinion the proceedings in this case for condem-

nation were insufficient to bind Conable, and consequently they cannot now be set up against the plaintiff. We think that his demurrer to the answer should have been sustained."

REVERSED.