## SOUTHERN RAILWAY COMPANY ET AL. *v.* ROACH.

[No. 5,685.   Filed June 7, 1906.]

1. APPEAL AND ERROR.—*Removal of Causes.—Overruling Petition for.—Assignment.—New Trial.*—The overruling of a petition to remove a cause to the federal court cannot be assigned as error independently on appeal, but must be made a ground for a new trial.  p. 213.

2. PLEADING.—*Complaint.—Inconsistent Averments.—Railroads. —Negligence.*—An averment that defendant railroad company's train left the track because of rotten and defective ties, which would not hold the spikes, thus causing the rails to spread, and an averment that such train was derailed because of a broken axle, are inconsistent, but such inconsistency does not render such complaint bad.  p. 214.

3. PLEADING. — *Complaint.—Railroads.—Car Inspection.—Defective Axle.*—A complaint alleging that it was defendant railroad company's duty to inspect its cars at H.; that it kept a switch-yard at such point and maintained a car inspector there and that it failed to inspect the car causing the injuries, sufficiently shows, though not in terms, that the car causing the injuries passed through such yards.   p. 214.

4. CARRIERS. — *Passengers. — Railroads.—"Shipper's Pass."*—A person in charge of live stock, riding on a "shipper's pass" on a freight-train, is a passenger for hire.   p. 215.

5. PLEADING.—*Complaint.—Carriers.—Railroads.—Passengers.—Position on Train.*—A complaint by a passenger against his carrier for damages caused by a derailment of the train, is not bad because it fails to state at what place on the train plaintiff was riding when injured.   p. 215.

6. APPEAL AND ERROR.—*Complaint.—Initial Attack on Appeal.*—A complaint attacked for the first time on appeal is sufficient if it states facts sufficient to bar another action for the same cause.   p. 215.

7. TRIAL.—*General Verdict.—Answers to Interrogatories.—When Controlling.*—The answers to the interrogatories to the jury control the general verdict only when in irreconcilable conflict therewith.   p. 216.

8. SAME. — *Negligence. — Contributory. — General Verdict.* — A general verdict for plaintiff in a personal injury case is a finding that defendant was guilty of one or more of the acts of negligence alleged and that plaintiff was free from contributory negligence.   p. 216.

9. SAME.—*Answers to Interrogatories.—Carriers.—Negligence.—Contributory.*—Answers by the jury showing that plaintiff was riding in the cupola of a caboose of a freight-train on a "shipper's pass;" that there were seats in the caboose; that the cupola was for trainmen and the seats were for passengers; that the caboose stayed on the track and plaintiff got off before the caboose stopped, do not show contributory negligence. p. 216.

From Dubois Circuit Court; *E. A. Ely,* Judge.

Action by John L. Roach against the Southern Railway Company and another. From a judgment on a verdict for plaintiff for $2,000, defendants appeal. *Affirmed.*

*Alex. P. Humphrey, John D. Wellman* and *M. W. Fields,* for appellants.

*W. E. Cox, R. W. Armstrong* and *Sol. H. Esarey,* for appellee.

WILEY, J.—Appellee recovered a judgment in the court below against appellants for injuries sustained by him on account of their alleged negligence.

The cause was put at issue and tried upon the amended first paragraph of complaint. The appellant Southern Railway Company timely filed its petition and bond to remove the cause to the Circuit Court of the United States for the district of Indiana, on the ground of diverse citizenship and separable controversy, it being a foreign corporation and a citizen of Virginia. This motion was overruled. Joseph Steinhart was made a codefendant, but the jury found in his favor. Neither of the appellants moved for a new trial. The jury, with their general verdict, answered interrogatories submitted to them, and appellants each moved for judgment on such answers, notwithstanding the general verdict. These motions were overruled.

The errors assigned are: (1) Overruling the petition to remove; (2) the complaint does not state facts sufficient to constitute a cause of action; (3) overruling the motion for judgment on the answers to interrogatories.

The error, if any, in overruling the petition to remove the case to the federal court, is not available on appeal, because it was not made a reason for a new trial. It is here made an independent assignment of error, and under the holding in the recent case of *Southern R. Co.* v. *Sittasen* (1906), 166 Ind. 257, this is not sufficient to present the question.

There are three acts of negligence alleged: (1) Failure to inspect; (2) rotten and defective cross-ties, that would not hold the spikes, by reason of which the rails spread and gave way, throwing the train violently from the track; (3) running a heavy freight-train over such defective track, and at a high and dangerous rate of speed. It is alleged that appellants engaged, for a fixed consideration,

to carry from one point to another on "the line of their railway, plaintiff and one car-load of horses," which horses were the property of Peter Schnell; that appellee was the agent of Schnell, and took passage on the car to take care of and control said horses, and was carrying at the time a "shipper's pass;" which was given him in consideration of said hire for carrying the car of horses. Then follow the averments in regard to the rotten ties, defective joints, spreading of the rails, and the derailment of the train. It is then alleged that appellants were negligent in failing to inspect "the car axle on one of the cars that made up said train, and they carelessly suffered and permitted said car to remain in said train, with a defective and broken axle;" that if appellants had examined said car, as it was their duty to do, "at the city of Huntingburg, Indiana, * * * said defendants could and would have discovered said defective and broken axle;" that by reason of said carelessness and negligence on the part of appellants, "said axle broke down, and caused the train to leave the track," etc., by which appellee was injured.

There is an inconsistency in two of the averments of the complaint in this, viz.: It is first alleged that the train left the track by reason of the rotten and defective ties, which would not hold the spikes, thus causing the rails to spread; and second, it is alleged that the breaking of the axle caused the train to leave the track. We cannot, however, hold that this inconsistency makes the complaint bad.

The principal objection urged to the complaint is that it alleges that it was appellants' duty to inspect the car at Huntingburg; that Dienhart, one of the defendants below, was appellants' servant, charged with that duty, and that there is an entire absence of an allegation that the car was ever at Huntingburg. In this regard, the complaint goes only so far as to charge that appellants "did keep and maintain a switch yard in

the city of Huntingburg, * * * and keep and maintain a car inspector," whose duty it was to inspect all cars and trains that pass in and through said yard. While these allegations do not in terms state that the train or car upon which appellee was riding passed through said yards, yet we cannot say the complaint is bad for that reason. The complaint, in this regard, might have been made more specific, if a motion to that effect had been made.

Another objection is that the complaint shows that appellee took passage on the car containing the stock, and this being true he assumed the risk, and hence cannot recover. This point is not well taken. Under the facts pleaded appellee must be regarded as a passenger for hire. *Lake Shore, etc., R. Co.* v. *Teeters* (1906), 166 Ind. 335; *Ohio, etc., R. Co.* v. *Selby* (1874), 47 Ind. 471, 17 Am. Rep. 719; *Ohio, etc., R. Co.* v. *Nickless* (1880), 71 Ind. 271; *Louisville, etc., R. Co.* v. *Taylor* (1890), 126 Ind. 126; *Delaware, etc., R. Co.* v. *Ashley* (1895), 67 Fed. 209, 14 C. C. A. 368; *Waterbury* v. *New York, etc., R. Co.* (1883), 17 Fed. 671; *New York, etc., R. Co.* v. *Blumenthal* (1896), 160 Ill. 40, 43 N. E. 809; *Evansville, etc., R. Co.* v. *Mills* (1906), 37 Ind. App. 598.

It is finally argued that the complaint is bad because it does not show any connection between the accident and the injury, in that it does not show where appellee was at the time of the accident. It is shown that he was riding on the train at the time of the accident, and if appellants desired they could have moved to make the complaint more specific.

The complaint is attacked for the first time in this court. There is no essential averment missing. The complaint is sufficient to bar another action for the same injury. This is sufficient where the attack is made for the first time on appeal. *Xenia Real Estate Co.* v. *Macy* (1897), 147 Ind. 568; *Efroymson* v. *Smith* (1902), 29 Ind. App. 451; *Cleveland, etc.,*

*R. Co.* v. *Baker* (1900), 24 Ind. App. 152; *Bertha* v. *Sparks* (1898), 19 Ind. App. 431; *City of South Bend* v. *Turner* (1901), 156 Ind. 418, 54 L. R. A. 396, 83 Am. St. 200; *Town of Knightstown* v. *Homer* (1905), 36 Ind. App. 139.

The remaining question for consideration is that presented by the action of the court in overruling the motion for judgment on the answers to interrogatories.

7. If the facts specially found are in irreconcilable conflict with the general verdict they will control, and in such event it is error to overrule such motion.

By the general verdict the jury found and determined all material facts in appellee's favor. Such finding establishes that appellants were guilty of one or more

8. of the acts of negligence charged, and hence such finding was within the issues tendered by the complaint. The verdict also included a finding that appellee was without fault.

It is urged that the answers to interrogatories affirmatively show that appellee was guilty of contributory negligence; that by reason thereof they are in

9. irreconcilable conflict with the general verdict, and hence appellants' motion for judgment should have been sustained. The facts, as exhibited by the answers to interrogatories upon which appellants base this contention, are as follows: Appellee was riding in the cupola of the caboose at the time of the accident. This seat was five or six feet above the floor of the caboose. There were seats in the caboose. The cupola was for trainmen only, and the seats below were the usual and proper place for appellee. The caboose and seven or eight cars in front of it remained on the track, attached together. The doors of the caboose were shut. The appellee got off before the caboose stopped. The track under these cars was in good repair and undisturbed by the wreck. We are unable to see anything in the facts thus disclosed to indicate that

appellee was guilty of contributory negligence. It is not made to appear that riding in the cupola of the caboose, or getting out of it before the train stopped, had anything to do with his injury. Taking the facts specially found as a whole, they tend strongly to support, rather than to contradict, the general verdict.

Judgment affirmed.