## HERCULES TORPEDO COMPANY v. SMITH.

[No. 6,356. Filed February 26, 1909. Rehearing denied June 30, 1909.]

1. APPEAL.— *Briefs.— Rules.— Substantial Compliance With.—* Where appellant's brief substantially, though not technically, complies with the rules, the errors assigned will be considered. p. 254.
2. APPEAL.— *Assignments of Errors.— Duplication of.— Briefs.— Removal of Causes.*—Where appellant assigned as error the trial court's refusal to remove the cause to the federal court, both independently and as a cause for a new trial, and discussed such assignments together, no waiver of the alleged error in overruling the motion for a new trial is shown. p. 254.
3. APPEAL.— *Assignments of Errors.— Independent.— Removal of Causes.*—Error in the overruling of a motion to remove the cause to the federal court is available only when such ruling is made a ground for a new trial. p. 254.
4. REMOVAL OF CAUSES.—*Citizenship.—Amount in Controversy.*—A petition for removal of a cause from a state to a federal court, showing a diverse citizenship of the plaintiff and defendant, and a controversy involving a claim for $10,000, a proper bond being filed with such petition, requires the removal of such cause; and a refusal of such request constitutes reversible error. p. 255.

From Grant Circuit Court; *H. J. Paulus,* Judge.

Action by John L. Smith against the Hercules Torpedo Company. From a judgment on a verdict for plaintiff for $1,600, defendant appeals. *Reversed.*

*Davis & Davis,* for appellant.

*Gus S. Condo, H. F. Hardin* and *W. S. Marshall,* for appellee.

WATSON, C. J.—This action was by John L. Smith against the Hercules Torpedo Company for damages for injuries received by reason of an explosion of defendant's magazine. Judgment below for appellee.

Errors numbered one, two, three and four, assigned by appellant, challenge the sufficiency of the complaint. Error

number five calls in question the overruling of appellant's motion and petition for the removal of this cause to the federal court for the district of Indiana. Error number six is "that the court erred in overruling appellant's motion for a new trial." Errors numbered seven and eight question the sufficiency of the evidence upon which judgment was rendered.

At the very threshold of this case it is contended that appellant has not complied with the rules of this court in the preparation of its briefs, and that therefore this appeal should not be considered. The briefs do not strictly meet the requirements, but we find that there has been a substantial compliance with the rules of this court and we shall consider the errors assigned.

Appellant, in its brief, discusses the court's action in overruling its motion and petition for the removal of this cause to the federal court for the district of Indiana, both as an independent error, and as error in support of its motion for a new trial. The question is discussed by appellant with reference to both assignments. It is contended by appellee that, for this reason, appellant has waived the error it assigned, in overruling the motion for a new trial, as to the ruling on the petition for the removal of this cause. The appellant had the right thus to discuss the errors assigned, which are in fact the same, but differently stated and separately assigned. The independent assignment as to the overruling of the petition for removal is not reversible error, as it presents no question for our consideration. *Southern R. Co.* v. *Sittasen* (1906), 166 Ind. 257-260; *Southern R. Co.* v. *Roach* (1906), 38 Ind. App. 211-213. The law in these cases, however, is predicated solely upon there being only a single, independent assignment of error in the court's action upon the petition for removal.

In this case, the first reason assigned in appellant's motion for a new trial is the overruling of its petition to trans-

fer this cause to the federal court for the district of Indiana. The same is, therefore, properly presented for our consideration.

4. Appellant's petition[1] and bond for removal were sufficient, as required by the statute of the United States. 1 Supp. R. S. U. S., 1874-1891 (2d ed.), p. 613, §3. A petition to remove a cause from the state court to the federal court, and a motion and affidavit for change of venue, are in principle alike, and are based upon the same reasoning. It is reversible error to deny a change of venue when timely made upon a proper application and presented to this court for review. *Smith* v. *Amiss* (1903), 30 Ind. App. 530; *Burkett* v. *Holman* (1885), 104 Ind. 6. It is likewise a reversible error to deny the application to transfer a cause from the state court to the federal court, seasonably made upon proper and sufficient grounds, when the same is presented to this court by proper assignment.

The court, therefore, erred in denying appellant's petition. Judgment reversed.

---

1. The petition alleges diverse citizenship and a controversy involving a claim for $10,000.—Reporter.