NEWKIRK *v.* WATSON ET AL.

[No. 13,071.   Filed May 31, 1928.]

C. A. *Taughinbaugh* and *Arthur M. Dearth*, for appellant.

*Evans & DeWitt* and *Walterhouse & Miller*, for appellees.

McMAHAN, J.—Action by appellees against appellant to abate a nuisance and for damages to appellees' real estate. There was a judgment for plaintiffs abating the nuisance and for $100 damages. Defendant appeals and contends: (a) That the trial court had no jurisdiction of the cause; (b) that the court erred in overruling her demurrer to the complaint; and (c) in overruling her motion for a new trial.

The record shows that on October 3, 1925, the plaintiffs dismissed the cause and were given leave to withdraw papers from file. Four days later, the parties appeared, the cause was reinstated and the defendant filed a demurrer to the complaint. The venue was changed from Delaware county to Henry county, where the defendant appeared and filed a second demurrer to the complaint. The demurrer being overruled, defendant filed an answer of general denial.

Appellant says the trial court had no jurisdiction because the record does not show a refiling of the complaint after the cause was reinstated. There is no merit in this contention. When the cause was reinstated, it took its place on the docket and stood the same as if it had not been dismissed. Appellant must have so understood it, as immediately after the cause was restored to the docket, she filed a de-

murrer to the complaint. When the venue was changed to Henry county, the clerk of the Delaware Circuit Court certified to and transmitted to the Henry Circuit Court a transcript of the proceedings and set out therein the complaint, which he certified was filed and on file in his office. After the transcript was so filed in the Henry Circuit Court, appellant appeared therein and filed her demurrer to the complaint. She later filed answer and, without raising any question concerning the refiling of the complaint, went to trial. The trial court had jurisdiction, both of the subject-matter and of the parties.

The next contention is that the court erred in overruling the demurrer to the complaint, on the ground that there was a defect of parties defendant. Appellees contend no question is presented as to the sufficiency of the complaint for the reason that the demurrer does not name or designate the proper parties. The demurrer is general in form. It simply states "there is defect of parties defendant." No attempt is made to name those who should be made parties defendants. Such a demurrer presents no question. Appellant is in the same situation as if she had filed no demurrer. A demurrer for defect of parties must designate the proper parties. *State, ex rel.,* v. *McClelland, Trustee* (1894), 138 Ind. 395, 37 N. E. 799.

Appellant next contends that the decision of the court is not sustained by sufficient evidence and that it is contrary to law. The complaint alleged that appellant was the owner and in possession of a certain described lot in the city of Muncie, on which there was a six-room dwelling house which appellant leased to people who conducted themselves in such manner as to cause the house so maintained to be a nuisance. It is not necessary that we state the particular acts and conduct alleged, and we refrain from doing so. The sufficiency of the facts alleged to state a cause

of action was not challenged by demurrer. The only objection to the sufficiency of the evidence to sustain the decision relates to the description of the real estate. The evidence is sufficient to warrant the court in finding that the house referred to by the witnesses was the house described in the complaint. Appellant makes no claim that the evidence does not clearly identify and describe the property described in the complaint. The complaint, after specifically describing the property, alleges that it is commonly known and designated as "805 Macedonia avenue" in the city of Muncie. The witnesses in describing and locating the property also designated it as being 805 Macedonia avenue.

The court finds that the acts and conduct described in the complaint constituted a nuisance and should be abated and decreed that the nuisance described in the complaint be abated and that appellant be perpetually enjoined from doing and permitting the things alleged as constituting such nuisance on the premises described in the complaint located at "705" Macedonia avenue. Appellant contends that since the property is described in the complaint and by the witnesses as being located at "805" Macedonia avenue, the statement in the decree that the property is located at "705" instead of at "805" Macedonia avenue, is not sustained by the evidence and is contrary to law. The motion for a new trial challenged the finding, and not the judgment as not being sustained by sufficient evidence and as being contrary to law. The finding refers to the acts and conduct described in the complaint which is alleged to have taken place and specifically described property known as 805 Macedonia avenue. The finding is sufficient to sustain a decree abating the nuisance and enjoining appellant from continuing the same. If the decree did not follow the finding, the remedy was by motion to modify the decree

and not by motion for a new trial. If the description of the property as set out in the decree is not sufficiently specific to bind appellant, she has little cause to complain. If she thinks she is not bound by the decree, she can at her peril ignore it.

The fifth specification in the motion for a new trial is that "The assessment of damages and injunction against the defendant and the real estate as defendant's real estate is erroneous, being excessive and too great, and contrary to law." Supporting this contention, appellant says the court erred in admitting evidence showing "permanent" depreciation of value; that the nuisance complained of was temporary and may be discontinued; that depreciation in value is not the measure of damages and that great care should be exercised in the control of a "lawful nuisance." All of the points made by appellant under this specification relate to the admission of evidence and the sufficiency of the evidence to sustain the finding. If it be conceded that this specification in the motion for a new trial presents any question, no attempt has been made by any point to challenge the amount of the damages. There was no error in overruling the motion for a new trial.

The specification in the assignment of errors that the court erred in granting the change of venue presents no question. Questions relating to the granting or the refusal to grant a change of venue must be presented by a motion for a new trial, when such a motion is available, and not by an independent assignment of errors. *Scanlin* v. *Stewart* (1894), 138 Ind. 574, 37 N. E. 401, 38 N. E. 401; *Southern R. Co.* v. *Roach* (1906), 38 Ind. App. 211, 78 N. E. 201.

Judgment affirmed.

Dausman, J., absent.