**Charles Zell WESTMORELAND and Kadrin McGraw, Appellants (Defendants Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 2–181A21.**

Court of Appeals of Indiana, Fourth District.

Aug. 24, 1981.

Charles B. Huppert, Daniel B. Altman, Huppert & Altman, Indianapolis, for appellants.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

Appellants Westmoreland and McGraw appeal their convictions [1] alleging error in the trial court's refusal to grant their Motion for An Automatic Change of Judge.

We affirm.

Appellants were to be tried before a jury with Judge Charles C. Daugherty presiding over the trial. No motions for change of judge were filed with regard to Judge Daugherty. On the day before the trial appellants learned that Judge Daugherty would not preside. [2] On the morning of trial, Judge Daugherty appointed Ralph N. May as Judge *Pro Tempore* for appellants' trial. After voir dire, the swearing and empanelling of the jury, but before the giving of preliminary instructions and opening statements, appellants objected to having a judge *pro tempore* and moved for a continuance or alternatively change of judge. The objections and motions were overruled and trial commenced.

> Appellants argue that
> the automatic change of [judge] rule (which requires that an automatic change of judge be requested within ten days from arraignment) and the rules allowing for appointment of a judge *pro tempore*

---

1. Westmoreland was convicted of Robbery (a Class B felony IC 35–42–5–1), Confinement (a Class D felony IC 35–42–3–3), Resisting Law Enforcement (a Class A misdemeanor IC 35–44–3–3(a)(3)), and Criminal Recklessness (a Class A misdemeanor IC 35–42–2–2). McGraw was convicted of Robbery (a Class B felony IC 35–42–5–1) and Confinement (a Class D felony IC 35–42–3–3).

2. Record of Proceedings 91. Motion by counsel for McGraw with Westmoreland joining in motion at Record of Proceedings 94.

as late as the day of trial [combine] to deprive the litigant of his ability to receive a change from the judge (if a judge *pro tempore*) and therefore violates the policy of this State.

The State responds by stating the appellants failed to comply with Ind.Rules of Procedure, Criminal Rule 12 and that the appellants did not show bias or prejudice, therefore the denial was proper.

In *Bryant v. State*, (1971) 256 Ind. 587, 271 N.E.2d 127, the appellant first learned that a judge *pro tempore* had been appointed when he arrived for trial. The trial court denied a motion for a continuance and a motion for a change of judge. Although defendant in *Bryant* had previously been warned that no further continuances would be granted, the Supreme Court of Indiana, not relying upon this prior warning, held that there was no sufficient cause shown to hold the refusal of the continuance was reversible error. The only reason given for the motion was the presence of the judge *pro tempore* instead of the regular judge. The same is true in our case and therefore we must follow *Bryant.*

The Supreme Court also held the trial court did not err in overruling a written motion for a change of judge. The motion did not comply with CR. 12. Such is the case here. Appellants did not file a written motion even though they had knowledge the day before trial that the regular judge would not be presiding at trial. Even on the day of trial when the appellants knew the identity of the appointed judge *pro tempore* and possibly even gained knowledge of a cause for change of judge beyond the time provided in the rule for an automatic change, no verified written motion with specific allegations as required by CR. 12 was filed. The Supreme Court in *Bryant* held that the trial court did not err in refusing a change of judge.

Appellants contend their situation differs from *Bryant* because the automatic change and the judge *pro tempore* rules combine in such a manner as to vitiate the policy of the change of judge rule. Where a party is satisfied with the regular judge and does not seek the timely automatic change from the regular judge, a judge *pro tempore* can under the rules be appointed the day of trial leaving a party without a way to avoid trial by the judge *pro tempore*. When this situation is viewed in conjunction with this policy underlying the automatic change of judge the "problem" argued by appellants is illustrated. *Bryant* does not specifically address this argument.

However, CR. 12 expressly provided:

In any criminal action, no change of judge or change of venue from the county shall be granted except within the time herein provided.

An application for a change of judge or change of venue from the county shall be filed within ten [10] days after a plea of not guilty, or if a date less than ten [10] days from the date of said plea, the case is set for trial, the application shall be filed within five [5] days after setting the case for trial. Provided, that where a cause is remanded for a new trial by the Supreme Court, such application must be filed not later than ten [10] days after the party has knowledge that the cause is ready to be set for trial.

Provided, however, that if the applicant first obtains knowledge of the cause for change of venue from the judge or from the county after the time above limited, he may file the application, which shall be verified by the party himself specifically alleging when the cause was first discovered, how it was discovered, the facts showing the cause for a change, and why such cause could not have been discovered before by the exercise of due diligence. Any opposing party shall have the right to file counter-affidavits on such issue within ten [10] days, and the ruling of the court may be reviewed only for abuse of discretion. All pleadings, papers and affidavits filed at any hearing held pursuant to this rule shall become a part of the record without further action upon the part of either party.

The rule covers the automatic change within time limits and provides the procedure for a change outside the time limits. We

are bound by the rule. The rule does not address the arguments and problem asserted by appellants. It does provide the procedure to change the judge where there is reason to do so. We realize that appointment near to or on the day of trial prevents an automatic change contrary to the policy underlying the automatic change of judge rule. However, the change of judge for cause provision does preserve the defendant's right to an impartial and unbiased judge, even though it may not do as much as the automatic change rule to satisfy defendant's belief that the judge is unbiased and impartial.

Affirmed.

CHIPMAN, P. J., and MILLER, J., concur.