In re the Marriage of Brenda **WAITT**, Appellant-Respondent,

v.

Warren **WAITT**, Appellee-Petitioner.

No. 2–281A63.

Court of Appeals of Indiana, Fourth District.

Dec. 16, 1981.

John M. Mayer, Jr., Hanger Engebretson & Mayer, Clarksville, for appellant-respondent.

Jack G. Hittle, Church Roberts & Beerbower, Noblesville, for appellee-petitioner.

YOUNG, Judge.

Appellant-Respondent Brenda Waitt appeals from the judgment of the trial court in a dissolution of marriage proceeding. She alleges the trial court erred by (1) denying her Motion for a Change of Venue From the County or Judge; and (2) abusing its discretion by its failure to abide by an agreement.

We affirm.

Brenda alleges the trial court erred by refusing to grant an automatic change of venue and judge. Indiana Rules of Procedure, Trial Rule 76(3) provides that:

in those cases where no pleading or answer may be required to be filed by the defending party to close issues (or no responsive pleading is required under a statute), each party shall have thirty [30] days after the filing of such case within which to request a change from the judge or the county.

No responsive pleading is required in a dissolution action. Ind.Code 31–1–11.5–4(c); *In re Marriage of Brown*, (1979) Ind.App., 387 N.E.2d 72. In this case the Petition for Dissolution was filed on November 30, 1979 by Warren. Warren voluntarily dismissed the proceeding on January 7, 1980 as permitted by T.R. 41(A)(1)(a). Thirty days had passed since the filing of the petition without a T.R. 76(3) motion having been filed. An automatic change was thereby forfeited.

Brenda argues that because the proceeding was dismissed and reinstated, a motion under T.R. 76(3) would be timely if filed within thirty days of the reinstatement. She continues that when such a timely motion for an automatic change was filed, the court has no discretion in the matter, but is under a legal duty to grant the change. This is true if the motion had been timely. However, we do not find the motion to have been timely. The petition was reinstated after Warren's request for relief. Because it was a dismissal without prejudice, T.R. 41(A)(1), the trial court could set aside the dismissal under T.R. 41(F) without resort to T.R. 60(B). (For this reason, Warren's argument that T.R. 60(C) prevents a change of venue or judge is misplaced.) When a case is dismissed and then reinstated, it stands as if it had not been dismissed. *Newkirk v. Watson*, (1928) 87 Ind.App. 473, 161 N.E. 704. The time limit for an automatic change had passed prior to dismissal. Reinstatement does not alter that time limit.

Brenda argues equity should permit a renewed thirty day period after reinstatement. She states the policy behind an automatic change of venue or judge is to insure a fair and impartial trial. We agree the change of venue and judge rule helps to insure a fair and impartial trial. We would also add the automatic change rule also helps to satisfy the parties that they are appearing before a fair and impartial tribunal. *Westmoreland v. State*, (1981) Ind. App., 424 N.E.2d 1062. The automatic nature of the change is part of this insurance, but not the only method to seek a change. T.R. 76(8) provides for a change of venue or judge if cause is shown notwithstanding a failure to seek the automatic change. By this provision, T.R. 76 provides a mechanism designed to guarantee a fair tribunal even after the automatic change time limits have passed.

The rule can be applied here as it is written without injustice to either party. Equity does not require the granting of an automatic change in this case. The trial court did not err by denying Brenda's mo-

tion for an automatic change. Brenda did not seek a change for cause. No reason appears in the record which would necessitate a change for cause.

Brenda also alleges the trial court abused its discretion by failing to follow a marital agreement. The agreement was entered by the parties after they were married. It was intended to delineate each spouse's rights in the estate of the other to protect their respective heirs. In the agreement Warren was to convey certain property (the Hamilton County residence) from his individual ownership to ownership by Warren and Brenda as tenants by the entireties. They also provided that

In the event either party shall die without a Will, the surviving party waives his or her right to the statutory or intestate share which he or she would be otherwise entitled; or, if either party shall die with a valid Will in force, the surviving party waives his or her right to elect his or her statutory share in lieu of the provisions in the Will for such surviving party.

Brenda contends that the agreement is a contract under the Probate Code, and Ind. Code 31–1–11.5–10 is not applicable. She continues by stating that the trial court does not have discretion to abide by or reject the contract, but all parties are bound by it.

We will accept, without so deciding, that the agreement was for estate planning purposes and not dissolution of marriage purposes and note the agreement has been completed. The property was transferred to Brenda and Warren as tenants by the entireties. As such it was part of the marital estate to be disposed of as provided in Ind.Code 31–1–11.5–11. The court awarded the Hamilton County residence in deciding the proper property division. Brenda does not argue the disposition was unjust or unreasonable in amount. She argues the court abused its discretion by not following their agreement. The agreement provided for contingencies regarding the share of one spouse in the estate at the event of the other's death. At dissolution, the surviving former spouse would have no statutory or

intestate share of the estate and no right to take against the will because the parties would no longer be spouses. (Of course, either party would be free to voluntarily include the other person in their will.) After the marriage was dissolved the estate of either party no longer needed protection from a former spouse.

The trial court did not abuse its discretion by not awarding the Hamilton County residence to Brenda. The agreement did not provide for disposition of the residence upon dissolution of marriage. It considered possibilities upon the death of Warren or Brenda while still married. The contingencies for which the agreement was drafted did not occur. The residence was part of the marital estate to be disposed of according to Ind.Code 31–1–11.5–11.

Affirmed.

MILLER, P.J., and CONOVER, J., concur.