**HIDDEN VALLEY LAKE PROPERTY OWNERS ASSOCIATION, Appellant (Intervenor Below),**

v.

**HVL UTILITIES, INC., Appellee (Petitioner Below),**

**Public Service Commission of Indiana, Appellee.**

**No. 2–182A38.**

Court of Appeals of Indiana, Fourth District.

Feb. 9, 1983.

Paul Hirsch, Stan B. Hirsch, Haymaker, Hirsch & Fink, Indianapolis, for appellant.

Leslie Duvall, Duvall, Bell, Babcock & Payne, Indianapolis, for appellee.

ON PETITION FOR REHEARING

CONOVER, Judge.

Hidden Valley Lake Utilities, Inc. (HVL Utility) appellee, has petitioned this court for rehearing. For the reasons stated herein, we grant the petition for rehearing and dismiss this appeal and the petition for certificate of public convenience and necessity without prejudice.

Our most recent opinion in this matter, *Hidden Valley Lake Property Owners Association v. Hidden Valley Lake Utilities, Inc.,* (1982) Ind.App., 441 N.E.2d 1388, considered only the narrow question of Public Service

Commission jurisdiction over a matter that had been remanded to it from this court for further fact finding. We held the ultimate jurisdiction of a matter remanded from this court for such purpose is vested in the court of appeals and the PSC did not have the authority to dismiss a matter remanded to it for further fact finding.

That issue aside, however, HVL Utility presents a persuasive argument for dismissal of its petition for a certificate of convenience and necessity. Although denominated a petition for rehearing, HVL Utility argues there is no longer any justiciable issue and the cause should be dismissed. We will therefore, treat this petition as one for dismissal.

The test for determining the propriety of a voluntary dismissal is whether or not the party opposing the dismissal would be substantially prejudiced by dismissal. *Levin & Sons, Inc. v. Mathys,* (1980) Ind. App., 409 N.E.2d 1195, citing 5 Moore's *Federal Practice* ¶ 41.05 (2d Ed.1948). HVL Utility argues no prejudice will accrue to HVL Owners from a dismissal of this action.

HVL Utility states HVL Owners cannot be prejudiced because a dismissal will afford them all of the relief they requested. HVL Owners' petition to intervene requested specific relief, namely 1) leave to intervene, 2) an order denying HVL Utility's application for certificate of convenience and necessity, or in the alternative, 3) an order joining HVL, Inc. to the proceedings and granting a certificate of convenience and necessity to HVL, Inc. As HVL Utility points out, all of the relief requested by HVL Owners is predicated upon HVL Utility's continued pursuit of a certificate of convenience and necessity.

Withdrawal of HVL Utility's request for a certificate has effectively provided HVL Owners the ultimate relief they sought in their petition to intervene. Voluntary abandonment of a party's rights or interest in a legal proceeding is an appropriate subject for dismissal. *State v. Vore,* (1978) 268 Ind. 340, 375 N.E.2d 205. This

dismissal will not prejudice HVL Owners. "When a case is dismissed and then reinstated, it stands as if it had not been dismissed." *Waitt v. Waitt,* (1981) Ind.App., 429 N.E.2d 6, citing *Newkirk v. Watson,* (1928) 87 Ind.App. 473, 161 N.E. 704. We favor and endorse the peaceful resolution of justiciable controversies. For these reasons we conclude dismissal of this cause is appropriate.

This cause and appeal ordered dismissed, without prejudice.

YOUNG, P.J., and MILLER, J., concur.